2008-NMCA-156

196 P.3d 970

**STATE of NEW MEXICO ex rel. George J. HANOSH; John Arthur Smith; Timothy Z. Jennings; Jim R. Trujillo; Bender Dealer Group, Inc., a New Mexico Corporation; Borman Motor Company Las Cruces, LLC, a New Mexico Limited Liability Company; Desert Sun Motors, Inc., a Delaware Corporation; Jack Key Motor Company, Inc., a New Mexico Corporation; Jack Key Motor Company Of Alamogordo, LLC, a New Mexico Limited Liability Company; and Scott Pipkin, Plaintiffs–Appellants,**

v.

**NEW MEXICO ENVIRONMENTAL IMPROVEMENT BOARD,**
Defendant–Appellee.

No. 28,175.

Court of Appeals of New Mexico.

Sept. 16, 2008.

Certiorari Granted, No. 31,363, Nov. 17, 2008.

Victor R. Marshall & Associates, P.C., Victor R. Marshall, Albuquerque, NM, for Appellants.

Gary K. King, Attorney General, Tania Maestas, Assistant Attorney General, Zachary Shandler, Assistant Attorney General, Santa Fe, NM, for Appellee.

## OPINION

CASTILLO, Judge.

{1} A number of state legislators, car dealers, voters, and a farmer (Plaintiffs) filed a complaint in district court on November 27, 2007, against the Environmental Improvement Board (EIB). The complaint alleged that EIB did not have the authority to pass particular regulations relating to car emissions, 20.2.88.1 to 20.2.88.112 NMAC (12/31/07), and it requested a declaratory judgment to that effect, along with a temporary restraining order and injunctive relief. Plaintiffs delivered the complaint to EIB on November 27, 2007, during EIB's hearing regarding the adoption of the regulations. EIB voted to adopt the regulations later the same day.

{2} EIB responded to Plaintiffs' complaint by filing a motion to dismiss for lack of subject matter jurisdiction. After a hearing, the district court dismissed Plaintiffs' complaint—not for lack of subject matter jurisdiction—but for several reasons relating to our Supreme Court's opinion in *Smith v. City of Santa Fe*, 2007–NMSC–055, 142 N.M. 786, 171 P.3d 300. Plaintiffs appeal the district court's decision. For the reasons discussed below, we reverse.

## I. DISCUSSION

{3} We review the district court's order for abuse of discretion. *Allstate Ins. Co. v. Firemen's Ins. Co.*, 76 N.M. 430, 433–34, 415 P.2d 553, 555 (1966) ("[I]t is clear that whether a court assumes, takes, entertains, accepts or exercises jurisdiction in a declaratory judgment action, or refuses so to do, it is acting within its discretionary power which

is subject to review for an alleged abuse thereof."); *see* Restatement (Second) of Judgments § 33 cmt. a (1982) ("The entertainment of an action for declaratory relief is, however, discretionary with the court[.]"). A misapprehension of the law constitutes an abuse of discretion. *See State v. Elinski,* 1997–NMCA–117, ¶ 8, 124 N.M. 261, 948 P.2d 1209.

{4} Plaintiffs make two general arguments in support of their position that the district court improperly dismissed the declaratory judgment action: (1) the Declaratory Judgment Act, NMSA 1978, §§ 44–6–1 to –15 (1975) (DJA), generally permits Plaintiffs to bring this action against EIB; and (2) our Supreme Court's decision in *Smith* permits Plaintiffs to elect to pursue a declaratory judgment action as an alternative to the administrative statutory appeal process. We consider these arguments together because they are interrelated. Plaintiffs also make substantive arguments related to EIB's passage of the emissions regulations. The district court did not address these arguments, and our review is thus limited to the propriety of the dismissal of Plaintiffs' declaratory judgment action.

{5} In general, the DJA provides that "[i]n cases of actual controversy, district courts within their respective jurisdictions shall have power to declare rights, status and other legal relations whether or not further relief is or could be claimed." Section 44–6–2. Specifically, the DJA allows

the [S]tate of New Mexico, or any official thereof, [to] be sued and declaratory judgment entered when the rights, status or other legal relations of the parties call for a construction of the [C]onstitution of the [S]tate of New Mexico, the [C]onstitution of the United States or any of the laws of the [S]tate of New Mexico or the United States, or any statute thereof.

Section 44–6–13. Our courts have explained that the DJA is "intended to be liberally construed and administered as a remedial measure." *Smith,* 2007–NMSC–055, ¶ 13, 142 N.M. 786, 171 P.3d 300 (internal quotation marks and citations omitted).

■ {6} Nevertheless, declaratory judgment actions are not without limit. For ex-

ample, declaratory judgments are not permitted against the state unless the state has specifically consented to suit or waived its sovereign immunity. *Gill v. Pub. Employees Ret. Bd.,* 2004–NMSC–016, ¶ 11, 135 N.M. 472, 90 P.3d 491. In addition, declaratory judgments should not be used to challenge administrative actions when to do so would "foreclose any necessary fact-finding by the administrative entity, discourage reliance on any special expertise that may exist at the administrative level, disregard an exclusive statutory scheme for the review of administrative decisions, or circumvent procedural or substantive limitations that would otherwise limit review through means other than a declaratory judgment action." *Smith,* 2007–NMSC–055, ¶ 15, 142 N.M. 786, 171 P.3d 300. In the present case, the district court concluded that although it had jurisdiction to act on the declaratory judgment, to do so would be inappropriate for two reasons. First, in order to exercise jurisdiction, the district court would have to "disregard a specific statutory scheme for the review of administrative decisions." Second, the district court was concerned that review by means of the DJA would "discourage reliance on the special expertise" of the agency and would "foreclose any necessary fact-finding by the administrative entity." (Internal quotation marks and citation omitted.) We conclude that additional fact-finding was not necessary in order to address Plaintiffs' complaint and, further, that the existing statutory review scheme was not exclusive with regard to Plaintiffs' specific claim.

## A. Fact–Finding

■ {7} In *Smith,* our Supreme Court explained that "a declaratory judgment action challenging an administrative entity's authority to act ordinarily should be limited to purely legal issues that do not require fact-finding by the administrative entity." 2007–NMSC–055, ¶ 16, 142 N.M. 786, 171 P.3d 300. Plaintiffs' complaint made the following allegations:

EIB lacks the authority to adopt the proposed California regulations; that ... EIB's authority in the area of pollution from motor vehicles is limited to carrying

out the national standards and regulations set by the [Environmental Protection Agency (EPA)]; and that ... EIB's regulations on motor vehicle pollution may not be more stringent than those of the EPA, unless the Legislature explicitly enacts or authorizes more stringent regulations.

Plaintiffs argue that these allegations do not require any findings of fact or any special agency expertise and that only legal conclusions are necessary. EIB contends that this inquiry would be "fact-intensive" and that "the legislature wanted to use the skills and expertise of ... EIB to review the regulation process." We agree with Plaintiffs.

{8} *Smith* directly addresses this point. In *Smith*, two sets of plaintiffs challenged a city's authority to require a permit to drill a domestic well. *Id.* ¶ 5. Our Supreme Court concluded that the plaintiffs' "argument [was] not dependent on factual determinations" and was "a purely legal matter." *Id.* ¶ 17. The Court further explained that the plaintiffs did "not argue that the [c]ity made the wrong decision; they argue[d] that the [c]ity had no right to even make a decision." *Id.* The plaintiffs in *Smith* "asked the district court to determine whether the [c]ity's attempt to regulate ... was appropriate in light of existing state statutes." *Id.* ¶ 18. Similarly, Plaintiffs challenge EIB's authority to adopt the regulations in light of existing state statutes. We acknowledge that the complaint sets forth a great deal of information related to the wisdom of the emissions regulations—information that might indicate that EIB "made the wrong decision." *Id.* ¶ 17. Nevertheless, Plaintiffs did not ask the district court to rule on the value of the regulations—only EIB's authority to enact the regulations. No special agency expertise or additional fact-finding was necessary to answer that question. EIB points to no specific facts that would be required and only generally contends that "Plaintiffs' argument that ... EIB regulations violate New Mexico laws undeniably requires fact-finding on behalf of ... EIB." After considering Plaintiffs' complaint, we hold that no additional fact-finding would be necessary in order to determine the scope of EIB's authority to adopt the regulations at hand. *See Stennis v. City of Santa Fe*, 2008–NMSC–008, ¶ 14, 143 N.M. 320, 176 P.3d 309 ("[A] declaratory judgment action is an appropriate method for 'challenging the constitutionality or validity of local laws or ordinances' when it does not require fact-finding by the administrative agency." (quoting *Smith*, 2007–NMSC–055, ¶¶ 14–16, 142 N.M. 786, 171 P.3d 300)).

**B.  Exclusive Statutory Scheme**

{9} Despite our conclusion that no additional fact-finding or special agency expertise was necessary to address Plaintiffs' complaint, we continue our analysis in order to determine whether the other limitations on declaratory judgments that were outlined by *Smith* would justify the district court's dismissal of Plaintiffs' action. Specifically, *Smith* cautions that a declaratory judgment should not be used "to challenge or review administrative actions if such an approach would ... disregard an exclusive statutory scheme for the review of administrative decisions." *Id.* ¶ 15. *Smith*, however, did not apply this limitation because in that case, there was no statutory scheme to review. *Id.* ¶ 21; *cf. State ex rel. Regents of E. N.M. Univ. v. Baca*, 2008–NMSC–047, ¶ 22, 144 N.M. 530, 189 P.3d 663 (holding that where a statute provides a procedure for judicial review of a bid protest, a party may not "circumvent the established procedures" and was "obligated either to pursue its right to judicial review or to file its declaratory judgment action in compliance with the procedures for administrative appeal set out" in the statute).

{10} In the present case, the Air Quality Control Act (Act), NMSA 1978, §§ 74–2–1 to –17 (1967, as amended through 2007) provides a statutory review process for actions taken by EIB. Section 74–2–9 contains the following provision:

A.  Any person adversely affected by an administrative action taken by [EIB], the local board, the secretary or the director may appeal to the [C]ourt of [A]ppeals. All appeals shall be upon the record made at the hearing and shall be taken to the [C]ourt of [A]ppeals within thirty days following the date of the action.

This section is designed to provide a means for judicial review of the actions taken by

EIB and specifically allows appeals to be taken by "[a]ny person adversely *affected* by an administrative action taken by [EIB]." Section 74–2–9(A) (emphasis added). As we discussed in preceding paragraphs, the present case does not involve the effect of EIB's adoption of the regulations. Instead, Plaintiffs dispute the scope of EIB's authority, which under *Smith* is a question "well within the perimeters of what the [DJA] was intended to encompass." 2007–NMSC–055, ¶ 15, 142 N.M. 786, 171 P.3d 300.

{11} EIB does not argue that Section 74–2–9 is an exclusive means of review but, instead, contends that "where there is a complete remedy otherwise provided by statute, relief by declaratory judgment is inappropriate." For support, EIB cites *Grand Lodge of Masons v. Taxation & Revenue Dep't*, 106 N.M. 179, 180, 740 P.2d 1163, 1165 (Ct.App. 1987), and quotes the following language: "Actions for declaratory judgment were not intended as a substitute for statutory judicial review of administrative action." *Id.* We disagree with EIB's application of *Grand Lodge* for two reasons. First, EIB's quotation stops short and fails to include the reasoning behind the proposition. *Grand Lodge* goes on to explain that declaratory judgment actions "should not be used to usurp or replace specific administrative relief[; t]he theory which underlies administrative law is that the issues with which it deals ought to be decided by experts." *Id.* (citations omitted). As we have explained, the relief provided by Section 74–2–9(A) relates to the effect of agency actions—to whether the adoption of the emissions regulations was the "wrong decision." *Smith*, 2007–NMSC–055, ¶ 17, 142 N.M. 786, 171 P.3d 300. Section 74–2–9(A) does not provide "specific administrative relief." *Grand Lodge*, 106 N.M. at 180, 740 P.2d at 1165. On the contrary, here, Plaintiffs' issue is a purely legal question—a question that is not "decided by experts." *Id.*

{12} In addition, *Smith* limits declaratory judgment actions only when "such an approach would ... disregard an *exclusive* statutory scheme for the review of administrative decisions." 2007–NMSC–055, ¶ 15, 142 N.M. 786, 171 P.3d 300 (emphasis added). *Grand Lodge* does not address exclusivity nor does EIB argue that exclusivity is re-

quired. The facts of the case before us are distinguishable, and the reasoning of *Grand Lodge* is therefore inapplicable. As a result, we rely on *Smith*, and not *Grand Lodge*, to conclude that Section 74–2–9(A) does not provide an exclusive statutory scheme for review of a legal question regarding EIB's authority to adopt 20.2.88.1 to 20.2.88.112 NMAC.

## II. CONCLUSION

{13} Because *Smith* authorizes declaratory judgment actions as an alternative means for plaintiffs to challenge the rule-making authority of administrative agencies in certain circumstances and because the accepted limitations on declaratory judgment actions do not apply to the facts before us, we conclude that the district court abused its discretion by dismissing Plaintiffs' complaint. Accordingly, we remand this case to the district court to decide the legal issue raised by Plaintiffs' declaratory judgment action.

{14} **IT IS SO ORDERED.**

WE CONCUR: MICHAEL D. BUSTAMANTE, and CYNTHIA A. FRY, Judges.