# IN THE SUPREME COURT OF THE STATE OF NEW MEXICO

**Opinion Number: 2009-NMSC-047**

**Filing Date: September 10, 2009**

**Docket No. 31,363**

**STATE OF NEW MEXICO ex rel. GEORGE J. HANOSH,
JOHN ARTHUR SMITH, TIMOTHY Z. JENNINGS,
JIM R. TRUJILLO, BENDER DEALER GROUP, INC.,
a New Mexico corporation, BORMAN MOTOR
COMPANY LAS CRUCES, L.L.C., a New Mexico
limited liability company, DESERT SUN MOTORS, INC.,
a Delaware corporation, JACK KEY MOTOR COMPANY, INC.,
a New Mexico corporation, JACK KEY MOTOR COMPANY OF
ALAMOGORDO, L.L.C., a New Mexico limited liability
company, and SCOTT PIPKIN,**

  **Plaintiffs-Respondents,**

**v.**

**STATE OF NEW MEXICO, ex rel., GARY K. KING,
ATTORNEY GENERAL, and NEW MEXICO
ENVIRONMENTAL IMPROVEMENT BOARD,**

  **Defendants-Petitioners.**

**ORIGINAL PROCEEDING ON CERTIORARI
Robert Eugene Robles, District Judge**

Gary K. King, Attorney General
Tania Maestas, Assistant Attorney General
Santa Fe, NM

for Petitioners

Victor R. Marshall & Associates, P.C.
Victor R. Marshall
Albuquerque, NM

for Respondents

1

New Mexico Environmental Law Center
R. Bruce Frederick
Santa Fe, NM

for Amicus Curiae
New Mexico Physicians for Social Responsibility

**OPINION**

**BOSSON, Justice.**

**BACKGROUND**

**{1}** Plaintiffs filed a complaint in district court seeking a declaratory judgment against the New Mexico Environmental Improvement Board (EIB). Plaintiffs argued that EIB lacked statutory authority under New Mexico law to promulgate certain regulations relating to automobile emissions. *See* 20.2.88.2 to 20.2.88.112 NMAC (12/31/2007) (adopting automobile emission standards for new vehicles in accordance with California code of regulations, Title 13). According to Plaintiffs, certain state statutes prohibited EIB from adopting those regulations, and Plaintiffs requested declaratory and injunctive relief to that effect from the court. *See* NMSA 1978, § 74-2-5(C)(1)(a) (2007) (EIB regulations shall be no more stringent than required by federal law); § 74-2-5(D) (vehicle emission regulations shall be consistent with federal law). Plaintiffs filed no claims under federal law.

**{2}** Plaintiffs elected not to participate in EIB administrative proceedings pertaining to the issuance of those regulations. Instead, they filed this lawsuit directly in district court, claiming that it presented a pure question of law, challenging not the wisdom of those regulations, but EIB's authority under state law to even consider them. The district court dismissed the complaint on procedural grounds; namely, that Plaintiffs had to pursue an administrative appeal to the Court of Appeals, under NMSA 1978, Section 74-2-9 (1992) from the EIB proceedings, and could not file a separate declaratory judgment action in the district court.

**{3}** The Court of Appeals reversed, applying this Court's recent opinion in *Smith v. City of Santa Fe*, 2007-NMSC-055, 142 N.M. 786, 171 P.3d 300, to permit Plaintiffs, independent of an administrative appeal, to raise a purely legal challenge to EIB's statutory authority by way of declaratory judgment. *State ex rel. Hanosh v. N.M. Envtl. Improvement Bd.*, 2008-NMCA-156, ¶ 13, 145 N.M. 269, 196 P.3d 970. In its petition for a writ of certiorari with this Court, EIB challenges whether *Smith* authorizes declaratory relief in lieu of an administrative appeal. Secondarily, EIB claims that it is immune from suit under common-law sovereign immunity and cannot be sued even for declaratory relief without its express consent.

**{4}** We granted certiorari, and now affirm the Court of Appeals in all respects regarding

2

the use of declaratory judgment to test the statutory authority of EIB to issue these automobile emissions regulations under state law. The Court of Appeals correctly applied our holding in *Smith*, and we adopt the stated reasoning so well articulated in that opinion. We agree that *Smith* authorizes the use of declaratory judgment in this instance to raise a purely legal challenge to EIB's statutory authority, and that Plaintiffs may file for declaratory relief independent of the administrative appeal process. Accordingly, we remand this case in its entirety to the district court to decide the issues raised in Plaintiffs' declaratory judgment action.

**{5}** Having clarified our support for the Court of Appeals opinion, we write solely to address one remaining issue pertaining to common law sovereign immunity. The Court of Appeals stated that, "Nevertheless, declaratory judgment actions are not without limit. For example, declaratory judgments are not permitted against the state unless the state has specifically consented to suit or waived its sovereign immunity." *Hanosh*, 2008-NMCA-156, ¶ 6 (citing *Gill v. Pub. Employees Ret. Bd.*, 2004-NMSC-016, 135 N.M. 472, 90 P.3d 491). We have concerns that our opinion in *Gill* may have been misperceived. Archaic notions of common-law sovereign immunity were put to rest by this Court in *Hicks v. State*, 88 N.M. 588, 544 P.2d 1153 (1975). Nothing in *Gill* resurrects that vestige of the common law. For the reasons that follow, EIB is not immune from this declaratory judgment action, with or without its consent. Accordingly, we correct that one reference to common-law sovereign immunity in the Court of Appeals opinion, which is otherwise affirmed in all respects.

**DISCUSSION**

**{6}** We begin our discussion with *Gill*, in which this Court explored the contours of *constitutional* sovereign immunity as that principle has emerged in U.S. Supreme Court opinions over the past 15 years or so. 2004-NMSC-016, ¶¶ 5-6. *See generally* Erwin Chemerinsky, *The Federalism Revolution*, 31 N.M. L. Rev. 7 (2001). In both *Gill*, 2004-NMSC-016, ¶¶ 5-6, and its predecessor, *Cockrell v. Bd. of Regents of N.M. State Univ.*, 2002-NMSC-009, ¶ 14, 132 N.M. 156, 45 P.3d 876, this Court made clear that *constitutional* sovereign immunity is rooted in concepts of federalism, the Eleventh Amendment, and the compact between states and the federal government inherent in the U.S. Constitution, all of which reserve to the states certain inherent powers of sovereignty. As a principle of federalism, *constitutional* sovereign immunity circumscribes the power of the U.S. Congress to create statutory rights and enforce them against the states absent their consent. In *Cockrell*, we held that the state's *constitutional* sovereign immunity, a derivative of the U.S. Constitution, can only be waived by our state legislature and not the courts. 2002-NMSC-009, ¶ 14.

**{7}** *Common-law* sovereign immunity on the other hand, being a creation of the common law, is court-made law. As this Court made clear in *Hicks*, courts are very much able to expand, contract, or eliminate altogether common-law sovereign immunity, subject of course to the power of the state legislature to codify immunity in its place. 88 N.M. at 589-90, 544

3

P.2d at 1154-55. Without digressing into a full-fledged discussion of the difference between constitutional sovereign immunity and common-law sovereign immunity, it is apparent from both *Cockrell* and *Gill* that the two are distinct in their meaning, origin, and effect.

**{8}** Both *Gill* and *Cockrell* arose from federal statutes that created enforceable rights against the states; both cases asked whether the state had *constitutional* sovereign immunity from suit without its consent. In *Gill*, the plaintiff sought to infer such consent from the New Mexico Declaratory Judgment Act. NMSA 1978, §§ 44-6-1 to -15 (1975). Correctly, this Court responded in the negative. Importantly, however, whatever we said in *Gill*, limiting the use of declaratory judgment actions against the state without its consent, arose solely in the context of *constitutional* sovereign immunity. Neither *Gill* nor *Cockrell* arose from or had any effect upon common-law actions under state law or whether the state could be sued at common law without its consent. Indeed, in *Gill*, this Court authorized a suit for prospective injunctive or declaratory relief against state officials to vindicate federally-created rights with or without the consent of the state.

**{9}** In contrast, the present action for declaratory judgment makes no claim under federal law or asserts any right to sue the state under federal law. The present action leaves the state's constitutional sovereign immunity intact. The present declaratory action arises solely under state statute, and the defense of sovereign immunity is asserted, not under federal law or principles of federalism, but under what EIB perceives to be vestigial remains of our state common-law sovereign immunity. Accordingly, any reliance on *Gill* by EIB, or by the Court of Appeals, is clearly in error.

**{10}** In New Mexico, of course, common-law sovereign immunity—as opposed to statutory immunity—has been repealed for over 30 years since this Court's landmark decision in *Hicks*. Although that case specifically challenged the state's common-law immunity from actions in tort, no one should doubt the broader scope of what this Court has previously described as "*Hicks*'s sweeping abolition of sovereign immunity." *Torrance County Mental Health Program, Inc. v. N.M. Health & Env't Dep't*, 113 N.M. 593, 597, 830 P.2d 145, 149 (1992). As we said in that subsequent opinion, describing *Hicks*,

> [t]he holding in *Hicks*, of course, was that the common law defense of sovereign immunity for claims in *tort* against the state would no longer (absent statutory authorization) be available, but we agree with [plaintiff] that the case generally abolished the common law doctrine of sovereign immunity *in all its ramifications*, whether in tort or contract or otherwise, except as implemented by statute or as might otherwise be interposed by judicial decision for sound policy reasons.

*Id.* (second emphasis added).

**{11}** Indicative of its broad scope, the *Hicks* opinion itself prefaced its holding by citing to a variety of New Mexico opinions and not just cases sounding in tort. 88 N.M. at 590-91,

4

544 P.2d at 1155-56. Indeed, one such declaratory judgment action cited in *Hicks*, *Arnold v. State*, 48 N.M. 596, 154 P.2d 257 (1944), relied on an earlier case, *Taos County Bd. of Educ. v. Sedillo*, 44 N.M. 300, 313, 101 P.2d 1027, 1036 (1940), in which this Court, while limiting declaratory judgments against the state, expressly permitted their use, with or without the state's consent, where mandamus would otherwise lie. The present dispute, in which Plaintiffs seek to impose upon EIB what they claim to be a clear mandatory duty to comply with state law, would appear to fit comfortably within either mandamus or declaratory judgment, and thus, declaratory relief against EIB would appear to be appropriate even under the hoary common-law distinctions of 1940. *See N.M. Right to Choose/NARAL v. Johnson*, 1999-NMSC-005, ¶ 23, 126 N.M. 788, 975 P.2d 841 ("Therefore, sovereign immunity does not shield the Department from appearing in court as a defendant in this [declaratory judgment] case."). But we need not dwell on the past. All such common-law notions were swept aside in *Hicks* when this Court made clear that archaic and medieval notions of common-law sovereign immunity ("the King can do no wrong") no longer serve the public interest of our state. 88 N.M. at 591, 544 P2d at 1156.

{12}    Relief is appropriate for still another reason. In the event they are proven right on the law, Plaintiffs seek to hold a state agency accountable to statutory limitations allegedly imposed upon executive authority by the legislative branch. Such accountability goes to the heart of constitutional separation of powers, just as it is the exclusive province of the judicial branch to ascertain what the law is and afford appropriate relief. That relief certainly includes, in a proper case, the judiciary's ability to define the law and injunction to enforce it. Anything less would encroach upon the constitutional powers reserved to the judiciary; anything less would place state agencies above the law. Whatever immunity of this kind executive agencies may have enjoyed in the past, belongs to the past.

**CONCLUSION**

{13}    We affirm the Court of Appeals and remand to the district court for further proceedings.

{14}    **IT IS SO ORDERED.**

_____
        **RICHARD C. BOSSON, Justice**

**WE CONCUR:**

_____
**EDWARD L. CHÁVEZ, Chief Justice**

_____
**PATRICIO M. SERNA, Justice**

5

_____
**PETRA JIMENEZ MAES, Justice**


_____
**CHARLES W. DANIELS, Justice**


**Topic Index for** *State of NM, ex rel Hanosh v. State of NM, ex rel King*, **No. 31,636**

| | |
|---|---|
| **AL** | **ADMINISTRATIVE LAW AND PROCEDURE** |
| AL-AA | Administrative Appeal |
| AL-JR | Judicial Review |
| AL-LI | Legislative Intent |
| | |
| **AE** | **APPEAL & ERROR** |
| AE-CF | Certiorari |
| | |
| **CT** | **CONSTITUTIONAL LAW** |
| CT-IM | Immunity |
| CT-SP | Separation of Powers |
| | |
| **GV** | **GOVERNMENT** |
| GV-SI | Sovereign Immunity |
| | |
| **JM** | **JUDGMENT** |
| JM-DJ | Declaratory Judgment |