This decision of the New Mexico Court of Appeals was not selected for publication in the New Mexico Appellate Reports. Refer to Rule 12-405 NMRA for restrictions on the citation of unpublished decisions. Electronic decisions may contain computer-generated errors or other deviations from the official version filed by the Court of Appeals.

## IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO

No. A-1-CA-39306

**CENTRAL MUTUAL INSURANCE COMPANY,**

Plaintiff-Appellant,

v.

**STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY,**

Defendant-Appellee.

**APPEAL FROM THE DISTRICT COURT OF BERNALILLO COUNTY
Lisa C. Ortega, District Judge**

Civerolo, Gralow & Hill, P.A.
Lisa Entress Pullen
David M. Wesner
Albuquerque, NM

for Appellant

Miller Stratvert P.A.
Todd A. Schwarz
Kelsey D. Green
Albuquerque, NM

for Appellee

### MEMORANDUM OPINION

**HANISEE, Chief Judge.**

**{1}** This appeal arises from a dispute between two insurance companies over Plaintiff Central Mutual Insurance Company's (CMIC) payment of benefits to its insured, Albert Perez, who was injured following a crash involving his vehicle, insured by CMIC,

and a vehicle insured by Defendant State Farm Mutual Automobile Insurance Company (State Farm). At the time of the crash, the State Farm-insured vehicle was being driven by an unknown individual. Following Perez's filing of an uninsured motorist claim with CMIC, CMIC filed a complaint against State Farm for equitable contribution, declaratory judgment, and unjust enrichment. State Farm filed a motion to dismiss on the grounds that CMIC failed to join as an indispensable party the underlying tortfeasor—the unknown driver of the State Farm-insured vehicle at the time of the crash—which the district court granted. We affirm.

## DISCUSSION

**{2}** CMIC contends that the district court erred in determining that the unknown tortfeasor is an indispensable party to CMIC's claims for equitable contribution, declaratory judgment, and unjust enrichment. Rule 1-019(A)(1) NMRA provides, in pertinent part, that "[a] person who is subject to service of process shall be joined as a party in the action if . . . in [their] absence complete relief cannot be accorded among those already parties." Under Rule 1-019(B), if such a person "cannot be made a party, the court shall determine whether in equity and good conscience the action should proceed among the parties before it, or should be dismissed, the absent person being thus regarded as indispensable." We have synthesized Rule 1-019 "into a three-part analysis: (1) whether a party is necessary to the litigation; (2) whether a necessary party can be joined; and (3) whether the litigation can proceed if a necessary party cannot be joined." *Little v. Gill*, 2003-NMCA-103, ¶ 4, 134 N.M. 321, 76 P.3d 639. "If the litigation cannot proceed without a necessary party, the party is considered indispensable, and the case must be dismissed." *Id.* Typically, in an action against an insurer for damages resulting from the liability of a tortfeasor, that tortfeasor must be joined. *See Little*, 2003-NMCA-103, ¶¶ 1, 17, 21 (explaining that an injured party must generally join the insured tortfeasor in an action against the tortfeasor's insurer). "We review dismissal under Rule 1-019 for an abuse of discretion." *Id.* ¶ 1.

**{3}** Equitable contribution claims involve two insurance carriers each covering the same insured. *See Hartford Cas. Ins. Co. v. Trinity Universal Ins. Co. of Kansas*, 158 F. Supp. 3d 1183, 1201 (D.N.M. 2015) ("In the insurance context, the right to equitable contribution arises when several insurers are obligated to indemnify or defend the same loss or claim." (alteration, internal quotation marks, and citation omitted)); *see also Fireman's Fund Ins. Co. v. Maryland Cas. Co.*, 77 Cal. Rptr. 2d 296, 303-04 (Dist. Ct. App. 1998) (stating the same and also explaining that "[w]here multiple insurance carriers *insure the same insured* and cover the same risk, each insurer has independent standing to assert a cause of action against its coinsurers for equitable contribution," and that the purpose of equitable contribution "is to accomplish substantial justice by equalizing the common burden *shared by coinsurers*" (emphases added)). Here though, CMIC and State Farm each covered a different insured. We therefore are unpersuaded that an equitable contribution could be a proper remedy for CMIC under the cited authorities and the facts of the instant case.

**{4}**     Moreover, we note that New Mexico does not currently recognize the remedy of equitable contribution, as demonstrated by the lack of New Mexico appellate court cases cited by CMIC in support of its equitable contribution claim. Indeed, CMIC cites only federal and otherwise out-of-jurisdiction cases in support of this claim without offering an argument as to why we should consider expanding our jurisprudence to recognize claims of equitable contribution. We require parties to include in their briefing relevant citation to relevant New Mexico authorities, as well as adequate argument and analysis so that we may consider the issues raised before us. *See* Rule 12-318(A)(4) NMRA. Where a party fails to cite relevant case law in support of their arguments, we assume no such relevant authority exists. *See In re Adoption of Doe*, 1984-NMSC-024, ¶ 2, 100 N.M. 764, 676 P.2d 1329 ("We have long held that to present an issue on appeal for review, an appellant must submit argument and authority as required by rule. We assume where arguments in briefs are unsupported by cited authority, counsel after diligent search, was unable to find any supporting authority." (citations omitted)). Where a party effectively requests that we expand our jurisprudence to apply an otherwise unrecognized doctrine, it is insufficient for that party to simply assert, without additional argument, that we must apply such doctrine based on other jurisdictions having done so. Here, CMIC fails to argue why we should both expand our jurisprudence to recognize the doctrine of equitable contribution and expand the doctrine of equitable contribution to apply under the atypical circumstances of this case. We decline to do so based solely on CMIC's mere reference to other jurisdictions' application of such doctrine.

**{5}**     We next turn to CMIC's claim for declaratory judgment. "In cases of actual controversy, district courts within their respective jurisdictions shall have power to declare rights, status and other legal relations whether or not further relief is or could be claimed." NMSA 1978, § 44-6-2 (1975). "The district court is vested with broad discretion to grant or refuse claims for declaratory relief," and "[w]e analyze a district court's dismissal of a declaratory judgment action for abuse of discretion." *Headen v. D'Antonio*, 2011-NMCA-058, ¶ 6, 149 N.M. 667, 253 P.3d 957 (internal quotation marks and citation omitted). "An abuse of discretion occurs when the district court's ruling is clearly against logic and effect of the facts and circumstances before it. We cannot say the trial court abused its discretion by its ruling unless we can characterize it as clearly untenable or not justified by reason." *Id.* (internal quotation marks and citation omitted).

**{6}**     CMIC's declaratory judgment action asked the district court to determine that (1) State Farm's policy covered the unknown driver of the vehicle involved in the crash with Perez; and (2) that State Farm was therefore obligated to reimburse CMIC for some portion of the claim paid to Perez. Such a determination, however, would require a conclusion that the unknown driver of the State Farm-insured vehicle was responsible for the crash and Perez's sustained injuries. CMIC cites *Baca v. New Mexico State Highway Department*, 1971-NMCA-087, ¶ 22, 82 N.M. 689, 486 P.2d 625, for such a proposition, as stated in CMIC's brief in chief, that an "actual controversy" may be present with respect to insurance coverage despite the lack of an underlying judgment, and any policy language requiring a determination of the insured's liability as a condition precedent to suit against the insurer is inapplicable to a declaratory judgment action. In

*Baca*, we considered a declaratory judgment action brought by the plaintiffs against the New Mexico Highway Department (NMHD) and its insurer regarding whether the insurer owed coverage to the plaintiffs for injuries allegedly caused by dangerous conditions arising from construction on a highway controlled by NMHD. *Id.* ¶¶ 1-2. We concluded that although judgment had not yet been entered against the NMHD, an actual controversy existed between the plaintiffs and NMHD's insurer with respect to coverage because the case presented a situation "where insurance coverage was a condition precedent to the maintenance of an action as against one of the alleged tort[]feasors." *Id.* ¶ 22. The key distinction between *Baca* and the instant case is that here we are presented with a question of whether an unknown, third-party tortfeasor is an indispensable party—a controversy wholly absent from *Baca*. We therefore consider *Baca* to be inapposite to the questions CMIC asks us to answer in this appeal.

{7}    Considering the "broad discretion to grant or refuse claims for declaratory relief" held by the district court, *Headen*, 2011-NMCA-058, ¶ 6, we discern no error on the part of the district court in its dismissal of CMIC's declaratory judgment action on the basis that the unknown tortfeasor was an indispensable party, and CMIC fails to meet its burden on appeal to persuade us otherwise. *See Corona v. Corona*, 2014-NMCA-071, ¶ 26, 329 P.3d 701 ("The appellate court presumes that the district court is correct, and the burden is on the appellant to clearly demonstrate that the district court erred.").

{8}    We now turn to CMIC's final claim for unjust enrichment. As with CMIC's other two claims in equity, we review the district court's dismissal of CMIC's claim of unjust enrichment for an abuse of discretion. *See Myers v. Armstrong*, 2014-NMCA-051, ¶ 10, 324 P.3d 388 (stating that we review a "district court's exercise of equitable powers under an abuse of discretion standard"). To prevail on a claim of unjust enrichment, "one must show that: (1) another has been knowingly benefitted at one's expense (2) in a manner such that allowance of the other to retain the benefit would be unjust." *Ontiveros Insulation Co. v. Sanchez*, 2000-NMCA-051, ¶ 11, 129 N.M. 200, 3 P.3d 695. CMIC fails to meet this two-part burden or otherwise demonstrate error on the part of the district court in dismissing CMIC's claim for unjust enrichment. *Corona*, 2014-NMCA-071, ¶ 26. In its brief in chief, CMIC asserts that State Farm's denial of Perez's liability claim—filed prior to Perez's claim with CMIC—was "unfounded" and "unfair," but otherwise fails to present facts, evidence, or argument that State Farm knowingly benefitted at CMIC's expense resulting in an unjust benefit for State Farm. *Ontiveros*, 2000-NMCA-051, ¶ 11.

{9}    To the extent CMIC contends that the disparity between the applicable statute of limitations in this case—that of a three-year statute of limitations for claims against State Farm versus a six-year statute of limitations for claims against CMIC—results in State Farm retaining value in the form of CMIC's payments on Perez's claim, our review of the record reveals no enrichment by State Farm at the expense of CMIC. Without some judgment of liability against the tortfeasor, there is simply no basis upon which we could conclude that CMIC's payment on Perez's claim constitutes unjust enrichment for State Farm. Moreover, even if we were to assume, without deciding, that the discrepancy in the statute of limitations was unjust, as CMIC claims, CMIC would still be unable to

demonstrate that State Farm was unjustly enriched by retaining any benefit belonging to CMIC. We therefore discern no error on the part of the district court in dismissing CMIC's unjust enrichment claim, and hold that CMIC has failed to demonstrate that the district court abused its discretion in granting State Farm's motion to dismiss.

**CONCLUSION**

**{10}** For the above reasons, we affirm.

**{11}  IT IS SO ORDERED.**

**J. MILES HANISEE, Chief Judge**

**WE CONCUR:**

**KRISTINA BOGARDUS, Judge**

**JANE B. YOHALEM, Judge**