The slip opinion is the first version of an opinion released by the Chief Clerk of the Supreme Court. Once an opinion is selected for publication by the Court, it is assigned a vendor-neutral citation by the Chief Clerk for compliance with Rule 23-112 NMRA, authenticated and formally published. The slip opinion may contain deviations from the formal authenticated opinion.

# IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO

Opinion Number: _____

Filing Date: **March 9, 2023**

**No. A-1-CA-38334**

**BEECHER CARLSON INSURANCE
SERVICES, LLC and CALIFORNIA
MEDICAL GROUP INSURANCE
COMPANY RISK RETENTION GROUP,**

       Plaintiffs-Appellants,

v.

**JENNIFER A. CATECHIS, as Superintendent
of Insurance for the State of New Mexico,**

       Defendant-Appellee.

**APPEAL FROM THE DISTRICT COURT OF SANTA FE COUNTY
Francis J. Mathew, District Court Judge**

Madison, Mroz, Steinman, Kenny & Olexy, P.A.
William C. Madison
Gregory D. Steinman
Albuquerque, NM

for Appellants

Office of Superintendent of Insurance
R. Alfred Walker, Associate General Counsel
Santa Fe, NM

for Appellee

**OPINION**

**HENDERSON, Judge.**

{1}   The memorandum opinion filed on March 2, 2023, is hereby withdrawn, and this opinion is substituted in its place, based on the March 8, 2023, order granting the motion to publish. Plaintiffs Beecher Carlson Insurance Services, LLC (Beecher) and California Medical Group Insurance Company Risk Retention Group (CRRG) (collectively, Plaintiffs) appeal the district court's dismissal of their declaratory judgment claim against New Mexico Interim Superintendent of Insurance, Jennifer A. Catechis (Defendant).[1] Plaintiffs filed a complaint for declaratory judgment asking the district court to construe Section 41-5-25 of the Medical Malpractice Act (the Act), NMSA 1978, §§ 41-5-1 to -29 (1976, as amended through 2021), to require that the Office of the Superintendent of Insurance (OSI) accept a late-tendered surcharge and recognize CRRG's insured, DaVita Medical Group New Mexico, LLC (DaVita), as a qualified health care provider from June 1, 2017 through December 23, 2017.

---

[1]John Franchini was the named defendant below. However, Mr. Franchini's tenure as Superintendent and custodian of the Patient Compensation Fund (PCF) ended on December 31, 2019, after this appeal was filed. Jennifer A. Catechis is now the current Interim Superintendent and custodian of the PCF. *See* NMSA 1978, § 59A-2-2.1(F) (2013, amended 2020). Pursuant to Rule 12-301(C)(1) NMRA, Ms. Catechis is automatically substituted as Defendant and the proceedings in this matter shall be pursued in her name for the duration of her tenure as Interim Superintendent.

{2}    The request for declaratory judgment was combined with an appeal from a decision by OSI, following a hearing, refusing to accept the surcharge and refusing to retroactively recognize DaVita as a qualified health care provider during the relevant 2017 period. The district court first dismissed the declaratory judgment claim with prejudice, and then upheld OSI's decision on appeal. Plaintiffs now appeal solely from the district court's dismissal of their declaratory judgment claim, arguing that they are entitled to a de novo interpretation of the Act. Finding no error, we affirm the district court's dismissal of Plaintiffs' declaratory judgment claim.

**DISCUSSION**

{4}    We note at the outset that the issue before us is limited. Plaintiffs appeal only from the district court's dismissal of their declaratory judgment claim. When Plaintiffs filed that claim, however, they also appealed to the district court OSI's final order from an administrative hearing, which encompassed the same issues. The district court affirmed OSI's determination. Plaintiffs have not filed a petition for certiorari seeking review of the district court's decision on their administrative appeal. They have instead filed only a direct non-discretionary appeal from the dismissal of their declaratory judgment claim. *See Victor v. N.M. Dep't of Health*, 2014-NMCA-012, ¶ 18, 316 P.3d 213 (requiring litigants seeking review of a district court's decision when it has exercised both its appellate and original jurisdiction to "pursue an appeal by filing a Rule 12-505 [NMRA] petition to address issues

stemming from the exercise of the district court's appellate jurisdiction, and a direct appeal to address issues stemming from the exercise of the district court's original jurisdiction" (internal quotation marks and citation omitted)). Therefore, we limit our review only to the district court's dismissal of Plaintiffs' declaratory judgment claim.

**Declaratory Judgment**

{5}    It was not error for the district court to dismiss Plaintiffs' declaratory judgment claim.[2] Plaintiffs' complaint sought a declaration that Section 41-5-25 of the Act did not prevent Defendant from accepting the late surcharge and recognizing DaVita as a qualified health care provider from June 2017 to December 2017, and ordering Defendant to do so. Plaintiffs explain that the purpose of their claim was to obtain de novo review of the Act, without any deference to Defendant's interpretation and implementation of it. This approach circumvented the typical administrative process, a tactic which New Mexico courts have repeatedly looked at with disfavor.

{6}    "The district court is vested with broad discretion to grant or refuse claims for declaratory relief." *Headen v. D'Antonio*, 2011-NMCA-058, ¶ 6, 149 N.M. 667, 253

---

[2] Defendant contends that Plaintiffs lack standing to sue for declaratory judgment. In this case, where the district court dismissed the claim at the pleading stage, we need not address Defendant's contention, because even if we were to assume, without deciding, that Plaintiffs have standing, their claim was still appropriately dismissed.

P.3d 957 (internal quotation marks and citation omitted). Our review is thus limited to whether the district court abused that discretion. *Id.* "[E]ven when we review for an abuse of discretion, our review of the application of the law to the facts is conducted de novo. Accordingly, we may characterize as an abuse of discretion a discretionary decision that is premised on a misapprehension of the law." *Harrison v. Bd. of Regents of Univ. of N.M.*, 2013-NMCA-105, ¶ 14, 311 P.3d 1236 (internal quotation marks and citations omitted).

{7}     A declaratory judgment action may be appropriate for challenging administrative decisions "when the matter at issue (1) is purely legal, (2) requires no specialized agency fact-finding, and (3) there is no exclusive statutory remedy." *New Energy Econ., Inc. v. Shoobridge*, 2010-NMSC-049, ¶ 12, 149 N.M. 42, 243 P.3d 746. However, our Supreme Court has cautioned against using declaratory judgment claims to review administrative actions

> if such an approach would foreclose any necessary fact-finding by the administrative entity, discourage reliance on any special expertise that may exist at the administrative level, disregard an exclusive statutory scheme for the review of administrative decisions, or circumvent procedural or substantive limitations that would otherwise limit review through means other than a declaratory judgment action.

*Smith v. City of Santa Fe*, 2007-NMSC-055, ¶ 15, 142 N.M. 786, 171 P.3d 300. And even if the issue in the case was purely legal, our Supreme Court has "held that a party who initiated the appeals process in an administrative action could not use a declaratory judgment action to circumvent the requirements of an administrative

4

appeal." *New Energy Econ., Inc.*, 2010-NMSC-049, ¶ 12. These limitations "on the use of the declaratory judgment action respect the role of each branch of government in the constitutional scheme and the administrative processes put in place by the Legislature." *Id.* ¶ 14.

{8} Here, Plaintiffs sought to circumvent those limitations by foreclosing necessary fact-finding by OSI and discouraging the district court's reliance on Defendant's administrative expertise. First, although Plaintiffs construe the issue in this case as a purely legal one—an interpretation of the Act—that is far from true. Even though the parties stipulated to facts during administrative proceedings, each of their recitations of those facts differ on appeal. Some facts are still being argued over, such as whether Plaintiffs' failure to collect the necessary surcharge was a "ministerial" error, or whether Plaintiffs in fact collected the surcharge but failed to transmit it to Defendant. The parties also engage in lengthy disagreements over OSI's prior practices under the Act regarding accepting late surcharges. These factual disputes and contentions are integral to this case, and thus a declaratory judgment claim—a tool Plaintiffs concede they used in order to avoid determinations during the administrative process—improperly circumvents the requirements of an administrative appeal.

{9} Second, even if this case was limited to a purely legal question, "[w]hen an agency addresses a question of law by construing or applying a particular statute,

courts will grant some deference to legal determinations that fall within agency expertise." *Chavez v. Mountain States Constructors*, 1996-NMSC-070, ¶ 21, 122 N.M. 579, 929 P.2d 971. Plaintiffs do not dispute that OSI has expertise in determining and collecting the appropriate surcharge due under the Act—it is the only entity that does so. *See* § 41-5-25. Defendant is accordingly owed some deference, of course while being mindful that courts "are not bound by the agency's interpretation and . . . may substitute [their] own independent judgment for that of the agency if the agency's interpretation is unreasonable or unlawful. *Albuquerque Bernalillo Cnty. Water Util. Auth. v. N.M. Pub. Regul. Comm'n*, 2010-NMSC-013, ¶ 51, 148 N.M. 21, 229 P.3d 494 (omission, internal quotation marks, and citation omitted). Plaintiffs make it abundantly clear that the purpose of their declaratory judgment claim was to avoid any deference that may have been owed to OSI's interpretation of the Act. In doing so, their use of a declaratory judgment action falls squarely within the warning enunciated in *Smith*. *See* 2007-NMSC-055, ¶ 15. Thus, we conclude that it was not error for the district court to dismiss Plaintiffs' declaratory judgment claim and instead hear the case under its appellate jurisdiction.

{10}     The only justification Plaintiffs offer to convince us that they should have been permitted to pursue their declaratory judgment claim is that procedural due process entitles them to de novo review of the statute, without any deference to the agency. However, procedural due process requires sufficient review by the judiciary

of "whether the litigant received a fair hearing and whether the law was correctly applied." *Bd. of Educ. of Carlsbad Mun. Schs. v. Harrell*, 1994-NMSC-096, ¶ 49, 118 N.M. 470, 882 P.2d 511. Plaintiffs have provided us with no reason to believe their declaratory judgment claim entitles them with even greater procedural due process than that typically owed under an administrative appeal. And Plaintiffs have not appealed from the district court's decision to affirm the administrative proceedings such that they could argue that review was insufficient. Therefore, given all the reasons laid out above, we conclude that the district court did not abuse its discretion by dismissing Plaintiffs' declaratory judgment claim.

**CONCLUSION**

{11}    For the reasons set forth above, we affirm the district court's order dismissing Plaintiffs' declaratory judgment claim.

{12}    **IT IS SO ORDERED.**


_____
**SHAMMARA H. HENDERSON, Judge**

**WE CONCUR:**


_____
**JACQUELINE R. MEDINA, Judge**


_____
**JANE B. YOHALEM, Judge**

7