2007-NMSC-055

171 P.3d 300

Peter SMITH, Barbara Smith, deceased, Patricia Stillman Trust and Guy Stillman Trust, and GWP Investments, Inc., a New Mexico corporation, Plaintiffs–Petitioners,

v.

CITY OF SANTA FE, a Municipal Corporation, Defendant–Respondent.

No. 29,712.

Supreme Court of New Mexico.

Sept. 28, 2007.

Karl H. Sommer & Associates, P.A., Karl H. Sommer, Santa Fe, NM, for Petitioners.

Office of the City Attorney, Frank D. Katz, Bruce Thompson, A. Kyle Harwood, Sutin, Thayer & Browne, P.C., Germaine R. Chappelle, Santa Fe, NM, for Respondents.

Office of the State Engineer, D.L. Sanders, Arianne Singer, Santa Fe, NM, Simons & Slattery, L.L.P., Thomas A. Simons, IV, Daniel H. Friedman, Faith Lesley Kalman Reyes, Santa Fe, NM, for Amicus Curiae State Engineer.

## OPINION

MAES, Justice.

{1} In this case we must determine whether a declaratory judgment action is an appropriate method for challenging a municipality's authority to deny permits to drill domestic water wells on private property within the municipality. For the reasons that follow, we conclude that a declaratory judgment action may be used to challenge a municipality's authority to regulate the drilling of wells within city limits, provided that the declaratory judgment action is not used to circumvent established procedures for seeking judicial review of a municipality's administrative decisions.

## FACTUAL AND PROCEDURAL BACKGROUND

{2} As noted in the Court of Appeals' opinion in this case, see Smith v. City of Santa Fe, 2006–NMCA–048, 139 N.M. 410, 133 P.3d 866, the material facts of this case are undisputed. In 1999, the City of Santa Fe passed an ordinance that required any person wishing to drill a well within the City's municipal water service area to apply for a domestic well permit. See Ordinance No. 1999–3, codified at Santa Fe, N.M., Code, ch. XXV, § 1.10 (1999). The ordinance also prohibited the drilling of any new domestic wells if the applicant's property boundary was located within 200 feet of a City water distribution line.

{3} Prior to applying for a City permit, Plaintiffs, Peter and Barbara Smith, and GWP Investments, Inc. (the Smiths) and the Patricia E. Stillman Family Trust u/a dated June 12, 1986, and Guy Stillman Family Trust u/a dated May 16, 1985 (the Stillmans) separately obtained domestic well permits from the Office of the State Engineer (the OSE) to drill wells on properties they owned within the City's municipal limits. After receiving notice from the OSE of the permits issued to Plaintiffs, the City wrote letters informing the Smiths and the Stillmans that they were also required to obtain permits from the City. Each letter also stated that if the boundary of the property was within 200 feet of a City water distribution line, the City would not grant a permit to drill a well.

{4} The Stillmans did not apply for a city permit because they were informed by their legal representative that their application would be denied. However, the Smiths did apply for permits from the City. The Smiths subsequently received a letter from the City informing them that their permits were denied because the boundary of their property was located within 200 feet of the City's water distribution lines. Attached to the letter was a copy of the complaint process for City water customers, which contained the appeals process that the Smiths should follow. The origin of the appeals process attachment is not clear from the record, but it appears it was adopted by city ordinance. See Santa Fe, N.M., Code §§ 15–1.8, 25–1.10, 25–4.1 Exhibit A, Rule 22(A), (B) and (C) (1999). In any event, the Smiths appealed first to the City Manager, then to the Public Utilities Committee, and finally to the City Council. The City Council upheld the decision of the City Manager and denied the Smiths' application on September 19, 2001. Neither the appeals process attached to the Smiths' letter nor the city ordinance that adopted the appeals process contain a provision for judicial review of the City's decision to deny well permits.

{5} Nevertheless, on January 7, 2002, the Smiths and the Stillmans jointly filed a complaint for declaratory relief in district court. In their complaint, the Smiths and the Stillmans asked the court to declare that the City had no authority to deny their applications or to prohibit them from drilling domestic wells on their properties. The City filed a motion for summary judgment, arguing that (1) the

Stillmans failed to exhaust administrative remedies, and thus, did not demonstrate any actual controversy as required when seeking a declaratory judgment, and (2) the Smiths failed to comply with the time limits of Rule 1–075 NMRA, thereby precluding the court from granting a declaratory judgment. Plaintiffs also filed a motion for summary judgment, arguing that only the State Engineer has the authority to grant or deny permits for the use of underground waters, pursuant to NMSA 1978, Section 72–12–1 (1998), and that the Stillmans had standing to seek a declaratory judgment action and were not required to exhaust administrative remedies, because doing so would be futile. After a hearing on the parties' motions for summary judgment, the district court granted Plaintiffs' motion and denied the City's motion. The district court ruled that it had jurisdiction to hear Plaintiffs' declaratory judgment action, that the City had no authority to prohibit the drilling of wells within the City's limits, and that the Stillmans were not required to exhaust administrative remedies because it would have been futile to do so. The City appealed to the Court of Appeals.

{6} The Court of Appeals determined that it need not decide the jurisdictional issues raised by this case, "because however we decide them will make no difference to the outcome of this appeal...." *Smith v. City of Santa Fe*, 2006–NMCA–048, ¶ 5, 139 N.M. 410, 133 P.3d 866. In this regard, the Court held that the City had authority under home rule powers to prohibit the drilling of domestic wells within municipal boundaries and that this authority was not preempted by state law. *Id.* ¶¶ 5, 26. The Court of Appeals, therefore, reversed the district court and held the City did have the authority to prohibit the drilling of the wells by the Smiths and Stillmans.

{7} We granted certiorari to review both the jurisdictional and substantive issues raised in this case. We hold that the district court did not have jurisdiction to grant the Smith's declaratory relief. And while we hold that the district court did have jurisdiction to address the Stillmans' claim for declaratory relief, we nevertheless agree with the Court of Appeals' conclusion that

the City had the authority to prohibit the Stillmans from drilling wells. We therefore affirm the Court of Appeals' decision to reverse the district court's declaratory judgment.

## II. DISCUSSION

{8} We first address the Court of Appeals' decision to reach the merits of this case without deciding the jurisdictional issue. Cognizant of the difficult jurisdictional issue posed by this case, the Court stated that, "[w]hile the question of jurisdiction is debatable, a full analysis of this issue is not necessary because our disposition on the merits fully resolves the case. Accordingly, we assume, without deciding, that the district court had jurisdiction to entertain Plaintiffs' declaratory judgment action...." *Id.* ¶ 5 (citation omitted). To support its decision to avoid the question of jurisdiction, the Court relied on *Taos Municipal Schools Charter School v. Davis*, 2004–NMCA–129, 136 N.M. 543, 102 P.3d 102. However, for the reasons that follow, we do not believe *Taos* supports the approach taken by the Court of Appeals in this case.

{9} In *Taos*, the State raised a jurisdictional issue for the first time on appeal. *Id.* ¶ 6. Noting that neither party had thoroughly briefed the issue, the Court of Appeals decided to reach the merits of the case without addressing the jurisdictional issue. *Id.* In contrast, in the present case, the question of jurisdiction was raised and argued thoroughly in the district court. *Taos*, therefore, does not support the Court of Appeals' decision to avoid the issue of jurisdiction in this case. While the Court of Appeals was understandably reluctant to address a difficult jurisdictional question that would not alter the ultimate outcome of the case, judicial economy cannot outweigh the need to address a threshold jurisdictional question that is squarely presented for review.

{10} The dissent in the present Court of Appeals' opinion correctly noted that when the Court does not decide a jurisdictional issue, it "leaves the impression that our courts are able to pick and choose when they have jurisdiction over an administrative appeal depending on whether they wish to

address the merits." *Smith*, 2006–NMCA–048, ¶ 34, 139 N.M. 410, 133 P.3d 866 (Vigil, J., specially concurring and dissenting). We agree. "[T]he question of jurisdiction compels an answer." *State ex rel. Overton v. N.M. State Tax Comm'n*, 81 N.M. 28, 31, 462 P.2d 613, 616 (1969). Therefore, when a jurisdictional claim is raised, the issue must be decided before a court can review the case. *See State v. Doe*, 91 N.M. 356, 357, 573 P.2d 1211, 1212 (Ct.App.1977) (" '[L]ack of jurisdiction at any stage of the proceedings is a controlling consideration which must be resolved before going further and an appellate court may raise the question of jurisdiction on its own motion.' ") (quoting *In re Doe III*, 87 N.M. 170, 171, 531 P.2d 218, 219 (Ct.App.1975)). To the extent that *Taos* could be read to suggest otherwise, it should not be followed. Because the question of whether a trial court has jurisdiction in a particular case is a question of law that we review de novo, *see Ottino v. Ottino*, 2001–NMCA–012, ¶ 6, 130 N.M. 168, 21 P.3d 37, jurisdictional issues should always be resolved even if not preserved below. Indeed, it is incumbent upon the appellate court to raise jurisdiction questions sua sponte when the Court notices them. We therefore proceed to determine whether the district court had jurisdiction to grant declaratory relief to the Stillmans and Smiths.

**A. Jurisdiction**

{11} The City argues that Plaintiffs were barred from seeking declaratory relief in this case for several reasons. First, the City contends that because there was no statutory right to appeal, Plaintiffs' only method for obtaining judicial review was to file a petition for a writ of certiorari in district court and to comply with the provisions in Rule 1–075, which sets forth the procedures for petitioning the district court for a writ of certiorari to review an administrative decision. Second, the City argues that the Smiths waived their right to seek relief in the district court because Rule 1–075(D) requires an aggrieved party to file a petition in the district court within 30 days after the "date of final decision or order of an agency," and the Smiths filed their declaratory judgment action in district court almost four months after the denial of their application to the City. Specifically, the City states that Plaintiffs "cannot bring an administrative action, abandon that action, and then revive that action by bringing a collateral action challenging the outcome of their administrative action." And third, the City argues that the Stillmans did not have standing to bring a declaratory judgment action because they failed to exhaust any available administrative remedies. We address each argument in turn.

**1. Can a declaratory judgment action provide an alternative means of challenging an administrative entity's authority to make a decision?**

{12} Under Article VI, Section 13 of the New Mexico Constitution, the district court is given "original jurisdiction in all matters and causes not excepted in [the] Constitution, and such jurisdiction of special cases and proceedings as may be conferred by law, and appellate jurisdiction of all cases originating in inferior courts and tribunals in their respective districts." The district courts also have the power to issue writs, including writs of certiorari, in exercise of their jurisdiction.

{13} The Declaratory Judgment Act is a special proceeding that grants the district courts the "power to declare rights, status and other legal relations whether or not further relief is or could be claimed." NMSA 1978, § 44–6–2 (1975). "The Declaratory Judgment Act [is] intended to be liberally construed and administered as a remedial measure." *San Juan Water Comm'n v. Taxpayers & Water Users of San Juan County*, 116 N.M. 106, 109, 860 P.2d 748, 751 (1993). "The Act does not enlarge the jurisdiction of the courts over subject matter and parties, but provides an alternative means of presenting controversies to courts having jurisdiction thereof...." *Allstate Ins. Co. v. Firemen's Ins. Co.*, 76 N.M. 430, 432, 415 P.2d 553, 554 (1966).

{14} Of particular relevance to this case, the Act grants jurisdiction to the district court to entertain an action for a declaratory judgment to review municipal ordinances. Such jurisdiction is provided in

NMSA 1978, Section 44–6–4 (1975), which provides that "[a]ny person ... whose rights, status or other legal relations are affected by a ... municipal ordinance ... may have determined any question of construction or validity arising under the ... ordinance...." Thus, the Declaratory Judgment Act is specifically designed to bring an action challenging the constitutionality or validity of local laws or ordinances. *See, e.g., Balizer v. Shaver,* 82 N.M. 347, 349, 481 P.2d 709, 711 (Ct.App.1971) (holding that declaratory proceedings are a proper avenue for testing the constitutionality of municipal ordinances); *see also S. Nat'l Bank of Houston v. City of Austin,* 582 S.W.2d 229, 237 (Tex.Civ.App. 1979) (finding declaratory judgment proper where property owners challenged city ordinance); *Ind. Waste Systems, Inc. v. Bd. of Comm'rs of Howard County,* 180 Ind.App. 385, 389 N.E.2d 52, 56 (1979) (holding that a declaratory judgment action was proper to challenge the validity of a county ordinance); *Kmiec v. Town of Spider Lake,* 60 Wis.2d 640, 211 N.W.2d 471, 473 (1973) (holding that a declaratory judgment action was a proper avenue for challenging the validity of an ordinance); *Sorenson v. City of Bellingham,* 80 Wash.2d 547, 496 P.2d 512, 517 (1972) ("The use of declaratory judgment to determine rights in this matter without a course of remedy is entirely appropriate."); *Walker v. Los Angeles County,* 55 Cal.2d 626, 12 Cal. Rptr. 671, 361 P.2d 247, 253 (1961) ("The interpretation of ordinances and statutes are proper matters for declaratory relief."). *See generally* 6 Eugene McQuillin, *The Law of Municipal Corporations,* § 20.23, at 72 (3d ed.); Bernard Schwartz, *Administrative Law* § 9.7, at 537 (2d ed. 1984) ("[T]he declaratory judgment has become the general-utility remedy by which the legality of an administrative act may be determined when there are no statutory review provisions, regardless of the nature of the challenged act.").

{15} In light of the foregoing, Plaintiffs' decision to use a declaratory judgment action as their method for challenging the City's authority to regulate the permitting of domestic water wells appears to fall well within the perimeters of what the Declaratory Judgment Act was intended to encompass. That said, however, we must remain mindful of some important limitations on the use of declaratory judgment actions to review the propriety of administrative actions. In particular, and as we discuss more fully below, within the context of this case, we caution against using a declaratory judgment action to challenge or review administrative actions if such an approach would foreclose any necessary fact-finding by the administrative entity, discourage reliance on any special expertise that may exist at the administrative level, disregard an exclusive statutory scheme for the review of administrative decisions, or circumvent procedural or substantive limitations that would otherwise limit review through means other than a declaratory judgment action.

{16} Accordingly, a declaratory judgment action challenging an administrative entity's authority to act ordinarily should be limited to purely legal issues that do not require fact-finding by the administrative entity. *See Grand Lodge of Masons v. Taxation & Revenue Dep't,* 106 N.M. 179, 180–83, 740 P.2d 1163, 1164–67 (Ct.App.1987) (declining to permit judicial review of property tax decision by declaratory judgment because the administrative decision was factually based and review "by declaratory judgment would eliminate the administrative record or substitute and avoid the standard of review the legislature has provided"); *cf. Zamora v. Vill. of Ruidoso Downs,* 120 N.M. 778, 781–83, 907 P.2d 182, 185–87 (1995) (holding that a writ of certiorari was the only mode of review to determine whether the city's termination of an employee violated an ordinance because factual issues had to be investigated).

{17} In this case, however, Plaintiffs' argument is not dependent on factual determinations. Rather, Plaintiffs argue as a purely legal matter that the City did not have the authority to enact the ordinance regulating domestic wells because, pursuant to Section 72–12–1, only the State Engineer can grant or deny permits for the use of underground waters. Plaintiffs do not argue that the City's denial of their applications was incorrect or unfair because of factual circumstances unique to them. Plaintiffs simply

challenge the City's authority to act, not the merit of the City's decision. In other words, Plaintiffs do not argue that the City made the wrong decision; they argue that the City had no right to even make a decision. And as noted above, such a challenge is precisely the type of question appropriately considered by a declaratory judgment action.

{18} Nor do Plaintiffs' challenge to the City's authority implicate any special expertise the City may have concerning the regulation of municipal water wells. *See Pan Am. Petroleum Corp. v. El Paso Natural Gas Co.*, 77 N.M. 481, 487, 424 P.2d 397, 401 (1966) (approving of the use of a declaratory judgment action to address a question of statutory construction that does not require the "administrative skill commonly to be found only in a body of experts"). Instead, Plaintiffs simply asked the district court to determine whether the City's attempt to regulate the permitting of domestic wells within the City's municipal limits was appropriate in light of existing state statutes concerning the regulation of wells.

{19} We recognize that the City points to case law suggesting that review by writ of certiorari is the sole method available for judicial review of administrative actions when there is no statutory right to appeal. *See Rainaldi v. Pub. Employees Ret. Bd.*, 115 N.M. 650, 654, 857 P.2d 761, 765 (1993) ("It is true ... that we have held that certiorari may be the only method available for reviewing the actions of a state board where no statutory review is provided."); *Moriarty Mun. Sch. v. N.M. Pub. Sch. Ins. Auth.*, 2001–NMCA–096, ¶ 34, 131 N.M. 180, 34 P.3d 124 (holding that a writ of certiorari in the district court is proper when the inferior court or tribunal has exceeded its jurisdiction or proceeded illegally); *Masterman v. State Taxation & Revenue Dep't*, 1998–NMCA–126, ¶ 11, 125 N.M. 705, 964 P.2d 869 (determining that, where there was no statutory right to appeal the administrative revocation of a driver's license, the only way that the driver could seek review in district court was to file a writ of certiorari with the district court). However, in each case, the Court was simply observing that certiorari review may be the only method of invoking the district court's appellate jurisdiction over inferior tribunals in the absence of a statutory right to appeal. Because the Court was not called upon in any of those cases to decide whether a declaratory judgment action could be used to invoke the district court's jurisdiction to review an administrative action, it would be inappropriate to construe those cases as precluding the use of declaratory judgment actions to challenge the authority of an administrative entity to act. *See City of Sunland Park v. Paseo Del Norte Ltd. P'ship*, 1999–NMCA–124, ¶ 7, 128 N.M. 163, 990 P.2d 1286 (noting that cases should not be cited as authority for a proposition that the opinion does not expressly address).

█ {20} That said, however, we must remain mindful of the reality that declaratory judgment actions are subject to the same limitations inherent in the underlying cause of action from which the controversy arose. *See City of Albuquerque v. Ryon*, 106 N.M. 600, 603, 747 P.2d 246, 249 (1987) (recognizing that "declaratory judgment actions are subject to the same limitations as the nature of the action sued upon in the underlying case," which precluded an attempt to substitute a declaratory judgment action for an expired right to appeal); *see also Allstate*, 76 N.M. at 432, 415 P.2d at 554. And because of this inherent limitation on the district court's power to afford declaratory relief, the Smiths' decision to initially pursue a permit to drill their well through the City's administrative review process limited the manner in which they could subsequently seek declaratory relief in the district court. We explain more fully below.

2. **Can a declaratory judgment action be used to circumvent established time frames for seeking appellate review of an administrative decision?**

{21} The parties correctly note that there was no specific statutory right to appeal the City's domestic water well permitting decisions. At the time that Plaintiffs received their letters from the City regarding the need to file for well permits from the City, NMSA 1978, §§ 3–53–1(D) and 3–53–2

(1965)[1] specifically authorized the regulation of wells by a municipality by ordinance "to prevent waste and to conserve the supply of water." However, these statutes did not provide for judicial review of any decisions made pursuant to that regulatory authority. Nevertheless, we agree with the City that the district court's constitutional authority to review administrative decisions, as reflected in Rule 1–075, would provide an avenue for judicial review of the City's permitting decisions.

{22} Rule 1–075 provides the procedural mechanism to review decisions of "administrative officers and agencies pursuant to the New Mexico Constitution when there is no statutory right to an appeal or other statutory right of review." Rule 1–075(A). And under the rule, an administrative agency includes "any state or local government administrative or quasi-judicial entity." *Id.* But while Rule 1–075 provides the procedural mechanism for the constitutional review of administrative agency decisions when there is no statutory right to appeal, the "rule does not create a right to appeal or review by writ of certiorari." *Id.* Nevertheless, the rule requires that a petition for writ of certiorari "shall be filed in the district court within thirty (30) days after the date of final decision or order of an agency." Rule 1–075(D).

{23} Given that the Smiths chose to initiate the administrative appeals process as their method for securing a permit to drill their wells, we believe that sound judicial policy and the limitations inherent in all declaratory judgment actions required that the Smiths seek judicial review of the City's administrative decision within the 30–day time frame imposed by Rule 1–075(D). As discussed above, the Smiths' declaratory judgment action could have been a reasonable procedural choice for seeking judicial review of the City's authority to act. However, having first chosen to pursue administrative relief, we hold that the Smiths were then required to comply with the applicable time frames that would otherwise govern judicial review of the administrative decision that the Smiths themselves requested. To hold otherwise would invite chaos and preclude certainty in the finality of administrative decisions that might otherwise be subject to multiple avenues of judicial review at unpredictable times.

{24} We perceive no sound judicial policy for allowing a party aggrieved by an administrative decision to forego an available avenue of judicial review only to allow that same party to initiate judicial review in another form at some future date that no one can predict or rely upon with any certainty. Indeed, the efficient administration of justice requires just the opposite. Once invoking the administrative review process offered by the City, the Smiths were obligated to either pursue a timely appeal under Rule 1–075 or, at a minimum, initiate a declaratory judgment action within the same time frame. Having failed to do so, we conclude that the district court lacked jurisdiction to rule on the Smiths' claim for declaratory relief.

{25} In contrast, the Stillmans never sought a permit from the City. As such, the Stillmans did not create an expectation that any administrative action by the City would be reviewed and finally resolved within a timely, predictable manner under the existing procedures contained in the City's appeals process and Rule 1–075. By not invoking the administrative review process and the corresponding judicial review procedures embodied in Rule 1–075, the Stillmans were free to initiate their claim for declaratory relief at the time of their own choosing. We therefore conclude that the district court did have jurisdiction to rule on the Stillmans' declaratory judgment action.

3. **Is the Stillmans' declaratory judgment action precluded because of a failure to exhaust administrative remedies?**

{26} Even though the Stillmans' decision to avoid the City's administrative

---

1. Our Legislature in 2001 enacted NMSA 1978, Section 3–53–1.1, which grants a municipality the right by ordinance to restrict the drilling of new domestic wells, and gives applicants the right to appeal the decision of the municipality to the district court in the county of the municipality. While the new statute does provide for judicial review, it does not specify review pursuant to 39–3–1.1. We express no opinion regarding the effect of the new statute. *Cf. Grand Lodge,* 106 N.M. at 181, 740 P.2d at 1165 (providing that a declaratory judgment action is "not intended as a substitute for statutory judicial review of administrative action").

process did not impact the time by which they needed to file their declaratory judgment action, the City argues that the Stillmans nevertheless did not have standing to bring a declaratory judgment action because they failed to exhaust any administrative remedies available through the City. "Under the exhaustion of administrative remedies doctrine, '[w]here relief is available from an administrative agency, the plaintiff is ordinarily required to pursue that avenue of redress before proceeding to the courts; and until that recourse is exhausted, suit is premature and must be dismissed.'" *U.S. West Commc'ns, Inc. v. N.M. State Corp. Comm'n*, 1998–NMSC–032, ¶ 9, 125 N.M. 798, 965 P.2d 917 (quoting *Reiter v. Cooper*, 507 U.S. 258, 269, 113 S.Ct. 1213, 122 L.Ed.2d 604 (1993)); *see also McDowell v. Napolitano*, 119 N.M. 696, 700, 895 P.2d 218, 222 (1995) ("The doctrine of exhaustion of remedies is absolute where a claim is cognizable in the first instance by an administrative agency alone. . . . [J]udicial interference is withheld until the administrative process has run its course.") (internal quotation marks and citation omitted). Administrative remedies are proper, and the exhaustion doctrine exists because "the interests of justice are best served by permitting the agency to resolve factual issues within its peculiar expertise." *U.S. West Commc'ns*, 1998–NMSC–032, ¶ 11, 125 N.M. 798, 965 P.2d 917 (internal quotation marks and citation omitted). Therefore, if a plaintiff is seeking resolution of a dispute arising out of an ordinance, he or she will usually bring the claim to the municipality and exhaust any administrative remedies provided by the municipality before seeking judicial review.

{27} However, in *Pan American Petroleum Corp.*, 77 N.M. at 487, 424 P.2d at 401, this Court held that the exhaustion doctrine "applies where an administrative agency alone has authority to pass on every question raised by the one resorting to judicial relief, but does not apply in relation to a question which, even if properly determinable by an administrative tribunal, involves a question of law, rather than one of fact." *See also State ex rel. Norvell v. Credit Bureau of Albuquerque, Inc.*, 85 N.M. 521, 529, 514 P.2d 40, 48 (1973) ("The doctrine of exhaustion of reme-

dies does not require the initiation of and participation in proceedings in respect to which an administrative tribunal clearly lacks jurisdiction, or which are vain and futile."); *Summit Prop., Inc. v. Pub. Serv. Co. of N.M.*, 2005–NMCA–090, ¶ 21, 138 N.M. 208, 118 P.3d 716 ("Exhaustion of remedies concerns the timing of judicial review of an administrative action and applies only in situations where an administrative agency has original jurisdiction.") (internal quotation marks and citation omitted). Because the Stillmans' challenge to the City's authority presents a pure question of law that would have been futile to pursue through the City's administrative appeals process, exhaustion was not required. We therefore hold that the district court did have jurisdiction to consider the Stillmans' declaratory judgment action in all respects.

## B. The City's Authority to Prohibit the Drilling of Domestic Wells

{28} While we agree with the district court's conclusion that it had jurisdiction to consider the Stillmans' claim for declaratory relief, we disagree with the substance of the district court's decision. Instead, we agree with the analysis and discussion in the Court of Appeals' opinion regarding the substantive issue of whether the City had the authority to prohibit the drilling of domestic wells within City limits. *See Smith*, 2006–NMCA–048, ¶¶ 6–25, 139 N.M. 410, 133 P.3d 866. We therefore affirm for the reasons contained in the Court of Appeals' opinion.

## III. CONCLUSION

{29} We hold that the district court had jurisdiction to hear the Stillmans' declaratory judgment action but that it lacked jurisdiction to consider the Smiths' claim for relief. We agree with the Court of Appeals that the City had the authority to prohibit the drilling of domestic wells under its home rule authority, and that this authority was not preempted by existing state law. Therefore, we affirm the Court of Appeals' decision to reverse the district court's declaratory judgment in favor of Plaintiffs.

{30} **IT IS SO ORDERED.**

WE CONCUR: EDWARD L. CHÁVEZ, Chief Justice, PATRICIO M. SERNA and RICHARD C. BOSSON, Justices.