This memorandum opinion was not selected for publication in the New Mexico Appellate Reports. Please see Rule 12-405 NMRA for restrictions on the citation of unpublished memorandum opinions. Please also note that this electronic memorandum opinion may contain computer-generated errors or other deviations from the official paper version filed by the Court of Appeals and does not include the filing date.

# IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO

**ANTONIO ROMERO,**

Petitioner-Appellant,

**v.**                                                                              **No. 33,917**

**CITY OF ALBUQUERQUE, and**
**Administrative Hearing Officer**
**STAN HARADA,**

Respondents-Appellees.

**APPEAL FROM THE DISTRICT COURT OF BERNALILLO COUNTY**
**Ted Baca, District Judge**

Mark Keller
Albuquerque, NM

for Appellant

Nicholas H. Bullock
Albuquerque, NM

for Appellees

## MEMORANDUM OPINION

**SUTIN, Judge.**

{1}     Petitioner-Appellant Antonio Romero appeals from an order dismissing his petition for writ of certiorari, by which he sought review of an administrative determination. We previously issued a notice of proposed summary disposition in which we proposed to affirm. Appellant has filed a memorandum in opposition. After due consideration, we affirm.

{2}     To summarize the pertinent background, Appellant initiated the underlying proceedings by filing a petition for writ of certiorari pursuant to Rule 1-075 NMRA for the purpose of obtaining appellate review of a hearing officer's probable cause determination. The City moved to dismiss on grounds that the hearing officer's determination was not a final order. The district court granted the motion. This appeal followed.

{3}     By its plain language Rule 1-075 provides for review of final agency decisions. *Id.*; *see also Rayellen Res., Inc. v. N.M. Cultural Props. Review Comm.*, 2014-NMSC-006, ¶ 9, 319 P.3d 639 ("Rule 1-075 . . . provides for district court review of a final agency decision."). In this case, both the express terms of the order and the context out of which it arises clearly contemplate further proceedings on the merits, in the form of formal forfeiture proceedings. [RP 5] As such, the hearing officer's determination is not a final decision. *See generally State v. Vaughn*, 2005-NMCA-076, ¶ 18, 137 N.M. 674, 114 P.3d 354 (observing that, where an order "expressly contemplated

further proceedings" on the merits, it did not "dispose of all issues of law and fact to the fullest extent possible under traditional finality rules" (alteration, internal quotation marks, and citation omitted)). Insofar as the hearing officer's order is not final, it was not appealable to the district court pursuant to Rule 1-075.

{4} In his memorandum in opposition, Appellant does not appear to dispute the foregoing. However, he continues to urge that *effective* judicial review of the hearing officer's probable cause determination may be unavailable if an immediate appeal is not authorized. [MIO 2-4] As we previously observed, similar concerns were addressed by the New Mexico Supreme Court in *City of Farmington v. Piñon-Garcia*, 2013-NMSC-046, ¶ 2, 311 P.3d 446. The Court observed that "parties in courts of limited jurisdiction who believe they are entitled to a dispositive order as a remedy for a constitutional or procedural violation would effectively be deprived of the safeguards of the United States and New Mexico Constitutions and our procedural rules if a district court's de novo review of the lower court's ruling [is] bypassed in favor of a trial de novo on the underlying complaint." *Id.* Therefore, in de novo proceedings, "the district courts can and must review, de novo, the merits of pretrial motions brought before them on appeal from courts not of record[.]" *Id.* ¶ 11. In order to ensure meaningful review of the proceedings before the lower tribunal, the district court's review of a lower tribunal's grant or denial of a dispositive motion must be

3

"independent" (*i.e.*, de novo), but "based on the record on appeal" (including copies of all papers and exhibits filed in the administrative tribunal, as well as any transcripts). *Id.* ¶¶ 12, 18-19, 21. Applying the principles articulated in *Piñon-Garcia*, we previously explained that Appellant is entitled to review of the hearing officer's probable cause determination, but that review must take place in the course of the forfeiture proceedings rather than in a collateral proceeding such as the separate action filed below. *See Smith v. City of Santa Fe*, 2007-NMSC-055, ¶ 24, 142 N.M. 786, 171 P.3d 300 ("We perceive no sound judicial policy for allowing a party aggrieved by an administrative decision to forego an available avenue of judicial review only to allow that same party to initiate judicial review in another form . . . [i]ndeed, the efficient administration of justice requires just the opposite.").

{5}    In his memorandum in opposition Appellant indicates that he generally "agrees" with the foregoing. [MIO 3] Nevertheless, Appellant expresses concern that the City and/or the district court presiding over the forfeiture proceeding might regard *Piñon-Garcia* as inapplicable. [MIO 3-4] In light of this concern, Appellant suggests that summary affirmance is inappropriate. [MIO 4] However, Appellant's speculative concern does not persuade us that a different result is warranted.

{6}    Accordingly, for the reasons stated in our notice of proposed summary disposition and in this Opinion, we affirm the dismissal of the underlying action.

{7}     **IT IS SO ORDERED.**


_____

**JONATHAN B. SUTIN, Judge**


**WE CONCUR:**


_____

**MICHAEL D. BUSTAMANTE, Judge**


_____

**J. MILES HANISEE, Judge**