This decision of the New Mexico Court of Appeals was not selected for publication in the New Mexico Appellate Reports. Refer to Rule 12-405 NMRA for restrictions on the citation of unpublished decisions. Electronic decisions may contain computer-generated errors or other deviations from the official version filed by the Court of Appeals.

## IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO

**No. A-1-CA-39953**

**CARLOS MONTOYA,**

Plaintiff-Appellant,

v.

**CITY OF ALBUQUERQUE ex rel. ALBUQUERQUE FIRE RESCUE DEPARTMENT,**

Defendant-Appellee.

**APPEAL FROM THE DISTRICT COURT OF BERNALILLO COUNTY**
**Benjamin Chavez, District Judge**

Grover Law, LLC
Thomas R. Grover
Albuquerque, NM

for Appellant

YLaw, P.C.
Andrea K. Robeda
Albuquerque, NM

for Appellee

**MEMORANDUM OPINION**

**HANISEE, Chief Judge.**

**{1}** Plaintiff appeals the district court's dismissal, with prejudice, of his claims in the present case. We entered a notice of proposed disposition, proposing to affirm. Plaintiff filed a memorandum in opposition and Defendant filed a memorandum in support, both of which we have duly considered. Unpersuaded that the district court committed reversible error, we affirm.

**{2}** Our notice of proposed disposition proposed to affirm based on our proposals that the district court did not err by determining that (1) the case was an untimely Rule 1-074 NMRA appeal as it was not filed within thirty days of the decision of the Labor Management Relations Board (Board) [CN 1-4]; and (2) Plaintiff's suit was barred by claim preclusion [CN 4-8]. We affirm based on our first proposal.

**{3}** In his memorandum in opposition, Plaintiff continues to maintain, based largely on the same theories, that his claims were not barred and his district court case should not have been dismissed. [MIO 2-7] To the extent the arguments contained in Plaintiff's memorandum in opposition are the same as those raised in Plaintiff's docketing statement, and do not directly address the specific concerns this Court identified in our notice of proposed summary disposition, they are unpersuasive. *See Hennessy v. Duryea*, 1998-NMCA-036, ¶ 24, 124 N.M. 754, 955 P.2d 683 ("Our courts have repeatedly held that, in summary calendar cases, the burden is on the party opposing the proposed disposition to clearly point out errors in fact or law."); *see also State v. Mondragon*, 1988-NMCA-027, ¶ 10, 107 N.M. 421, 759 P.2d 1003 (stating that the repetition of earlier arguments does not fulfill this requirement), *superseded by statute on other grounds as stated in State v. Harris*, 2013-NMCA-031, ¶ 3, 297 P.3d 374.

**{4}** To the extent that Plaintiff responds to our calendar notice with new arguments, we address those arguments here. First, Plaintiff appears to oppose our proposed characterization that it was undisputed below that the district court claims mirrored those made in his complaint to the Board. [CN 3; MIO 3] Plaintiff argues that his claims to the Board consisted of only a complaint about a prohibited practice of "unilaterally changing" a method of promotion, while in the district court he raised causes of action for declaratory judgment, breach of contract, and breach of implied covenant of good faith and fair dealing, and the district court claims thus "were not subject" to a Rule 1-074 appeal. [MIO 3-4] However, upon review of the record, we find this position to be a distinction without a meaningful difference, as Plaintiff's district court causes of action were all premised upon the same events and complaints about the change in the promotional process that he raised to the Board, and Plaintiff has not further explained any different facts between the two proceedings such that the district court claims did not instead need to be brought as a Rule 1-074 appeal. [RP 1-7, 56]

**{5}** Regarding the applicability of Rule 1-074 NMRA, Plaintiff contends that this matter is distinguishable from case law relied upon by this Court in its calendar notice. Plaintiff contends that this Court should not rely on a case dealing with a Rule 1-075 NMRA appeal, as the present case involved whether Plaintiff should have pursued a Rule 1-074 appeal. [MIO 5] *See Smith v. City of Santa Fe*, 2007-NMSC-055, ¶ 24, 142 N.M. 786, 171 P.3d 300 ("Once invoking the administrative review process offered by the [defendants], the [plaintiff]s were obligated to either pursue a timely appeal under [the administrative appeal rule] or, at a minimum, initiate a declaratory judgment action within the same time frame. Having failed to do so, we conclude that the district court lacked jurisdiction to rule on the [plaintiff's] claim for declaratory relief."). Plaintiff asserts that while both rules "provide a path to review an administrative agency's decision in [d]istrict [c]ourt, there appears to be no authority that binds law controlling Rule 1-075 . .

. upon Rule 1-074 . . . ." [MIO 5] Beyond noting that *Smith* arose in a Rule 1-075 appeal, Plaintiff does not further develop this contention, and we are not persuaded that he has demonstrated a meaningful reason to distinguish application of the principle in *Smith* in the present case. *See Elane Photography, LLC v. Willock*, 2013-NMSC-040, ¶ 70, 309 P.3d 53 ("We will not review unclear arguments, or guess at what a party's arguments might be." (alteration, internal quotation marks, and citation omitted)).

**{6}**     Plaintiff also contends that *Smith* is inapplicable because the merits of the claims were reached in the administrative decision, whereas in this case Plaintiff argues he "was summarily denied an opportunity to have his case heard on the basis of the Board determining he lacked standing." [MIO 6] However, we see no such limitation in the holding of *Smith* and Plaintiff has failed to persuade us today that any such limitation should be read into *Smith* or somehow render inapplicable the time constraint under Rule 1-074 NMRA. *See Farmers, Inc. v. Dal Mach. & Fabricating, Inc.*, 1990-NMSC-100, ¶ 8, 111 N.M. 6, 800 P.2d 1063 (providing that there is a presumption in favor of the correctness of the trial court's rulings and it is the appellant's burden to demonstrate error on appeal).

**{7}**     *Smith* held that where an aggrieved party "chose to initiate the administrative appeals process as their method for securing [relief]," as Plaintiff did before the Board, such an action for judicial review must be filed within the 30-day time frame imposed by rules—in this case Rule 1-074(E). *See Smith*, 2007-NMSC-055, ¶ 23. Applying *Smith* to the facts of this case, we conclude Plaintiff's lawsuit was untimely under Rule 1-074(E) and affirm the district court on this basis.

**{8}**     We are unpersuaded that Plaintiff has demonstrated error by the district court, and we affirm for the reasons stated above and in our notice of proposed disposition.

**{9}     IT IS SO ORDERED.**

**J. MILES HANISEE, Chief Judge**

**WE CONCUR:**

**JENNIFER L. ATTREP, Judge**

**SHAMMARA H. HENDERSON, Judge**