The slip opinion is the first version of an opinion released by the Clerk of the Court of Appeals. Once an opinion is selected for publication by the Court, it is assigned a vendor-neutral citation by the Clerk of the Court for compliance with Rule 23-112 NMRA, authenticated and formally published. The slip opinion may contain deviations from the formal authenticated opinion.

# IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO

Opinion Number: _____

Filing Date: February 3, 2026

**No. A-1-CA-41476**

**CITY OF ROSWELL,**

 Plaintiff-Appellee,

v.

**FRANK LUCERO,**

 Defendant-Appellant.

**APPEAL FROM THE DISTRICT COURT OF CHAVES COUNTY**
**Dustin K. Hunter, District Court Judge**

Christopher J. Nairn-Mahan
Roswell, NM

for Appellee

Bennett J. Baur, Chief Public Defender
Santa Fe, NM

for Appellant

**OPINION**

**HENDERSON, Judge.**

{1}    Defendant Frank Lucero appeals his conviction for unlawful use of a license (driving while privilege to do so is suspended), in violation of Roswell, N.M., City Code of Ordinances ch. 24-1, art. I, § 12-6-12.6(A)(6) (1999, amended 2022) (Roswell UTO). On appeal, Defendant contends that (1) there was insufficient evidence to support his conviction; and (2) the district court erred in failing to determine whether the New Mexico Motor Vehicle Division (MVD) had authority to initially suspend Defendant's license. For the following reasons, we affirm.

**DISCUSSION**

{2}    In February 2020, Defendant was pulled over and cited by a Roswell police officer for various motor vehicle infractions, including driving with a suspended license in violation of Roswell UTO § 12-6-12.6(A)(6). After a municipal court hearing in 2021, Defendant was convicted of violating Roswell UTO § 12-6-12.6(A)(6). Defendant later appealed to the district court, where he was again found guilty after a de novo bench trial for violation of Roswell UTO § 12-6-12.6(A)(6), and was sentenced to ninety days of incarceration and ordered to pay a $500 fine and $29 in court costs.

{3}    On appeal, Defendant argues that (1) there was insufficient evidence to support his conviction for driving with a suspended license in violation of Roswell

UTO § 12-6-12.6(A)(6); and (2) the district court should have determined whether the MVD had authority to initially suspend his driver's license. We consider Defendant's arguments in turn, further developing the factual background as necessary to the disposition of each issue.

**I.      Sufficiency of the Evidence**

{4}      First, Defendant argues that the City of Roswell (City) did not provide sufficient evidence that his license was suspended at the time of the 2020 traffic citation to support his conviction. The City asserts that it presented evidence demonstrating that Defendant's driving privileges had not been reinstated since being suspended in 2014, such that his license was suspended at the time he was pulled over and cited in 2020. We agree with the City and explain.

{5}      "The test for sufficiency of the evidence is whether substantial evidence of either a direct or circumstantial nature exists to support a verdict of guilty beyond a reasonable doubt with respect to every element essential to a conviction." *State v. Montoya*, 2015-NMSC-010, ¶ 52, 345 P.3d 1056 (internal quotation marks and citation omitted). Substantial evidence is defined as such "relevant evidence that a reasonable mind might accept as adequate to support a conclusion." *Id.* ¶ 53 (alteration, internal quotation marks, and citation omitted).

{6}      Defendant was cited by the Roswell police officer for a violation of Roswell UTO § 12-6-12.6 and other traffic ordinance violations not relevant to this appeal,

after failing to produce a valid driver's license when stopped by the officer. The New Mexico Uniform Traffic Ordinance, Section 12-6-12.6(A)(6) (2010, amended 2025), as adopted by the City of Roswell,[1] makes it unlawful to "drive a motor vehicle on any public street or highway at a time when [a person's] privilege to do so is suspended and who knows or should have known that [their] license was suspended." Accordingly, to prove Defendant violated the municipal ordinance, the City was required to present sufficient evidence that (1) Defendant operated a motor vehicle upon a public roadway; (2) Defendant knew or should have known that his driver's license was suspended; and (3) Defendant's license was indeed suspended at the time he was stopped. *See* Roswell UTO § 12-6-12.6(A)(6).

{7}     Defendant does not dispute that he was driving, and our review of the record reflects that the City provided sufficient evidence that Defendant was driving a pickup truck on a public roadway at the time he was stopped. Rather, Defendant contends that the district court could not have taken statements made in his pretrial motions and a related hearing as judicial admissions that he knew his license was suspended, and that the district court erred in failing to determine whether his license was validly suspended at the time of his traffic stop in 2020.

---

[1]The Roswell City Code of Ordinances, Section 24-1(a), provides that, "[t]he 2010 Compilation of the New Mexico Uniform Traffic Ordinance, as promulgated by the New Mexico Municipal League, and revised through July, 2018, is hereby adopted by reference pursuant to NMSA 1978, [Section] 3-17-6 [(2007)]."

{8}     As to the knowledge element, the City presented sufficient evidence that Defendant knew his license was suspended at the time he was stopped. Prior to trial, Defendant filed a motion to dismiss or alternatively for a directed verdict, with a copy of the underlying traffic citation from 2014 attached, and a separate motion to dismiss on independent grounds. Defendant made various assertions related to the underlying traffic citation and the suspension of his driver's license in these motions and during a related hearing. Following the hearing, the district court denied the motions finding "that the motions appear to be a judicial admission that [Defendant] understands his license is suspended based upon his own research and provision of information to the court as well as representations. . . . [Defendant] is admitting that he knew that his license was suspended . . . based on his own statements in his motions and judicial admissions." Contrary to Defendant's contention on appeal that the district court "could not have found that [his] unsworn arguments on the legal issues presented in his motion to dismiss or in the alternative motion for a direct[ed] verdict to be judicial admissions," we observe that "whether a statement or purported concession should be treated as a judicial admission" is entirely within the district court's discretion. *Lebeck v. Lebeck*, 1994-NMCA-103, ¶ 14, 118 N.M. 367, 881 P.2d 727. In this context, involving a self-represented litigant who is presenting both argument and evidence in a de novo appeal from magistrate court, the district court

did not abuse its discretion to take Defendant's statements as judicial admissions of knowledge that his license was suspended at the time of the traffic stop.

{9} Additionally, Defendant's MVD records packet admitted into evidence at trial contained two withdrawal of driving privileges notification letters revealing that Defendant was sent notice in July 2016 that he was entitled to a hearing regarding the suspension of his driving privileges at that time—notice which Defendant does not contest he received.[2] *See State v. Herrera*, 1991-NMCA-005, ¶¶ 18-20, 111 N.M. 560, 807 P.2d 744 (explaining that an inference of notice based on mailing is permitted, if the trier of fact is persuaded by the evidence). Thus, there is sufficient evidence Defendant knew his license was suspended at the time he was stopped in 2020.

{10} As to the driver's license suspension, the City presented sufficient evidence that Defendant's driver's license was indeed suspended at the time of the 2020 traffic stop. Defendant's MVD records packet reflects that Defendant "has an invalid New

---

[2]To the extent Defendant challenges the introduction of his MVD records into evidence at trial, we note that Defendant's driving record was admitted as a self-authenticating certified copy of a public record. *See* Rule 11-803(6), (8) NMRA; Rule 11-902(1) NMRA. As such, the record "is admissible in evidence to prove its contents," *State v. Miller*, 1968-NMSC-054, ¶ 5, 79 N.M. 117, 440 P.2d 792, including to show the date of a license suspension because the source of this information and the method of preparation indicate reliability or trustworthiness, unless the district court finds that the circumstances demonstrate to the contrary. *See State v. Soto*, 2007-NMCA-077, ¶¶ 25-30, 142 N.M. 32, 162 P.3d 187, *overruled on other grounds by State v. Tollardo*, 2012-NMSC-008, 275 P.3d 110.

Mexico [l]icense due to a suspension," and notes that the agency suspended Defendant's license in March 2014. The two withdrawal of driving privileges notification letters stated that reinstatement of his driving privileges at the end of his license suspension "is not automatic," as "[t]he action will remain in effect until all requirements for reinstatement (including payment of a reinstatement fee) are met." Accordingly, Defendant's license was eligible for reinstatement at the end of the initial suspension period. However, there is no evidence in the record or otherwise presented at trial demonstrating that Defendant took any steps necessary to effectuate reinstatement of his license, including paying the reinstatement fee, before he was stopped and cited for driving with a suspended license in 2020.

{11}     Defendant argues that the MVD did not have authority under NMSA 1978, Section 66-5-33.1(A) (2018)[3] to suspend his license indefinitely simply because he refused to pay the reinstatement fee once the initial suspension period "had come to an end" in April 2015 and his driver's license "expired on its own terms" in April 2016. To support his contention, Defendant makes various assertions regarding the validity of the underlying suspension. Defendant argues that pursuant to NMSA 1978, Section 66-5-32(A) (2013, amended 2023), the MVD could not suspend his

[3]Although the 2009 version of Section 66-5-33.1 was in effect for part of the period during which Defendant's license was suspended, the 2018 amendment did not modify the language of Subsection (A). Accordingly, we rely on the current version of Section 66-5-33.1 in our analysis.

license "for a period of more than one year" except as permitted by NMSA 1978, Section 66-5-39(C) (2013, amended 2019), which allowed the MVD to "extend the period of suspension for an additional like period" when it had received "a record of the conviction of any person under this section"; that even if the MVD were permitted to suspend his license under the exception to Section 66-5-32(A), Section 66-5-39 was amended by the Legislature in 2019 "to remove Paragraph C" such that "the suspension period is one year"; and that New Mexico "defines a suspension as a 'temporary withdraw[al]'" under NMSA 1978, Section 66-1-4.16(U) (2023).[4] Essentially, Defendant relies on these motor vehicle code provisions and amendments, as well as a decision from this Court interpreting the statutory provision in the context of a driving while intoxicated (DWI) related civil forfeiture case, *see City of Santa Fe ex rel. Santa Fe Police Dep't v. One (1) Black 2006 Jeep*, 2012-NMCA-027, 286 P.3d 1223, and other civil case decisions, to assert that his license could not have remained in a state of indefinite suspension. Defendant argues that Section 66-5-33.1 only permits "a license that has been revoked in relation to a DWI" to "remain revoked until the required fees have been paid" and does not state "that after the expiration of the suspension period for non[-]DWI related action does the person['s] driver's license status remain in a state of suspension until the

---

[4]We note that a 2019 legislative amendment recodified former NMSA 1978, Section 66-1-4.16(S) (2017), to Subsection (U). For ease, we refer to the current Section 66-1-4.16(U).

reinstatement fee is paid nor that the payment of a reinstatement fee creates a prerequisite to ending [the] suspension."

{12}     However, as noted by the district court, Defendant's argument about the validity of the underlying suspension is inappropriate in this criminal proceeding where the question is "not whether Defendant's license was properly suspended by MVD" to begin with, but whether "Defendant knows or should have known that his license was suspended, properly or not, and that he did not have a valid license at the time that he was driving." Even then, the district court provided Defendant ample opportunity to argue for the relevancy of the underlying suspension's validity to the trial proceeding; however, Defendant never made such a proffer to the court. Accordingly, we reject Defendant's attempt to raise civil issues in this criminal matter where the question before us is whether there was sufficient evidence presented at trial that his license was in a state of suspension at the time he was stopped in 2020.

{13}     Additionally, to the extent Defendant invites us to view this as a due process issue, we decline. We note that Defendant had an opportunity to exercise his due process rights regarding this issue; however, Defendant failed to exhaust his administrative remedies with the MVD related to the ongoing license suspension based on the failure to pay the fee, and appeal that civil matter to the district court if necessary. Defendant does not assert, nor is there evidence supporting that he ever

requested an administrative hearing related to reinstating the license, as provided for pursuant to Section 66-5-33.1(C) and NMSA 1978, Section 39-3-1.1 (1999). Accordingly, the district court concluded that it was without jurisdiction to entertain the underlying civil issue. *See* NMSA 1978, § 7-1B-9(E) (2015). Stated differently, Defendant had the opportunity to exercise his due process rights with the MVD and to argue the validity of the license suspension, but chose not to. Section 7-1B-9(E) makes clear that a driver must pursue administrative remedies before any New Mexico court has jurisdiction to entertain their action. *See Anderson v. State*, 2022-NMSC-019, ¶ 15, 518 P.3d 503 ("[W]hen a statute explicitly requires a party to exhaust particular remedies as a prerequisite to judicial review . . . [a] court cannot excuse a petitioner from complying with an explicit and detailed statutory duty to exhaust administrative remedies." (internal quotation marks and citation omitted)). This is especially true when the matter requires agency fact-finding and there is an exclusive statutory remedy, as is the case with the underlying suspension here. *See Smith v. City of Santa Fe*, 2007-NMSC-055, ¶¶ 26-27, 142 N.M. 786, 171 P.3d 300 (explaining that under the exhaustion of administrative remedies doctrine, a person must ordinarily pursue that remedy before proceeding to the courts). Yet, it seems Defendant believes and wishes to argue that suspended licenses are automatically reinstated after the one-year period of initial suspension. Ultimately, the MVD is not a party to this case and we reiterate that Defendant's attempt to contest the MVD's

authority to require a fee for reinstatement of a suspended license is inappropriate in this criminal case. We agree with the district court that we lack jurisdiction to consider this underlying civil issue raised by Defendant and hold that substantial evidence supports Defendant's conviction under Roswell UTO § 12-6-12.6(A)(6).[5]

## II.     The Initial Driver's License Suspension

{14}     Next, Defendant asserts that the district court erred in failing to determine whether the MVD had the statutory authority to initially suspend his driver's license for the underlying 2014 traffic citation for violation of the Roswell UTO. Specifically, Defendant contends that Section 66-5-39(C) (2013) provides "the MVD's only legal authority to extend a '*period of suspension for an additional like period*'" depends upon the MVD receiving "a record of the conviction of any person *under this section*" of the motor vehicle code, and that Roswell UTO § 12-6-12.6(A)(6) fails to include any comparable provision. Accordingly, Defendant

---

[5] We decline to address Defendant's argument that the district court was "prohibited from entering a nunc pro tunc order on [his] motion on the sufficien[cy] of the evidence." We fail to understand how Defendant's contention that "the motion was deemed to be automatically denied after the [thirty-]day period to enter it" bears in any way on our disposition, as the motion was denied regardless of whether the district court appropriately entered an order denying the motion, or whether the motion should have been deemed automatically denied after thirty days. Because Defendant has failed to develop his argument, we fail to understand how entry of the order, erroneous or not, relates to the substantive issue raised by Defendant on appeal. *See State v. Flores*, 2015-NMCA-002, ¶ 17, 340 P.3d 622 ("Our Court has been clear that it is the responsibility of the parties to set forth their developed arguments, it is not the court's responsibility to presume what they may have intended.").

contends, the period of suspension of a driver's license cannot be extended for a violation of a municipal ordinance such that the district court erred when it failed to interpret Section 66-5-39(C) (2013) as precluding the statute's application to his violation of the municipal ordinance.

{15}    Here again, the district court explained to Defendant that it was not going to consider the validity of the underlying suspension in the current criminal proceeding as "this is not an issue before" the district court. Again, we agree. As explained above, we reiterate that the civil issues raised by Defendant are inappropriate in the context of this criminal matter. *See* NMSA 1978, Section 66-5-30(D) (2019, amended 2023)[6] (providing for an administrative hearing after the suspension of a license).

{16}    Further, Defendant previously raised this precise issue in a civil case, invoking a ruling from the district court on the issue exactly one year prior to filing his brief in chief in this case. *See* Order Granting the Respondents' Motions to Dismiss and Order of Dismissal With Prejudice, *Lucero v. City of Roswell*, D-504-CV-2022-00540 (5th Jud. Dist. Ct. July 17, 2023) ("July 17, 2023 Order"). In that civil matter, Defendant had sought "a general declaratory judgment which would provide a basis for him to then seek to set aside prior convictions for driving on a suspended

---

[6]We note that a 2019 legislative amendment moved former Section 66-5-30(B) (2015), to Subsection (D). For ease, we refer to Section 66-5-30(D).

license[], many of which have been the subject of de novo appeals to [the d]istrict [c]ourt and subsequent appeals to the Court of Appe[a]ls." *Id.* ¶ 3. The district court interpreted Defendant's action as a "collateral attack on unidentified prior final convictions" and "analyze[d] the [p]etition as relating to any number of prior convictions, even if not identified." *Id.* ¶¶ 3-4. After analyzing Defendant's arguments, the motor vehicle code, and the municipal ordinance in question, the district court found that Defendant's interpretation takes the phrase "under this section" out of context and is contrary to the plain meaning of Section 66-5-39(A) (2013), which is that the period of extension of a suspended license applies to violations of municipal ordinances such as Roswell UTO § 12-6-12.6(A)(6). July 17, 2023 Order, *Lucero*, D-504-CV-2022-00540, ¶ 20. The district court further explained that Defendant's "claims are based on a citation in 2014 for driving while license suspended" such that Defendant's "license was already suspended at the time of the citation" and Defendant "fails to show what the outcome of the citation was. He presents no judgment and sentence or appeal record[,]" leading the district court to conclude that Defendant did not have a justiciable claim under the declaratory judgment act. *Id.* ¶¶ 28-29. The district court then determined that Defendant's claims were barred "because he . . . either failed to pursue available legal avenues to challenge them or failed to raise the issue in those challenges if they were pursued." *Id.* ¶ 34. After explaining the license reinstatement process, the district court noted

that "it appears [Defendant] would rather face repeated citations and sentences for driving while his license is suspended than go[] through the simple reinstatement process." *Id.* ¶¶ 38-40. The district court concluded that "[t]he plain meaning of Section 66-5-39 is that the prior ability to extend a period of suspension of a license applies to violations of municipal ordinances such as [Roswell UTO §] 12-6-12.6." July 17, 2023 Order, *Lucero*, D-504-CV-2022-00540, ¶ 50.

{17}     Defendant did not appeal that final order and, as we explain below, Defendant is now collaterally estopped from raising this issue on appeal in this and any other related case.

{18}     "Collateral estoppel bars the relitigation of ultimate facts or issues actually and necessarily decided in a prior suit." *State v. Bishop*, 1992-NMCA-034, ¶ 8, 113 N.M. 732, 832 P.2d 793 (internal quotation marks and citation omitted). "The term 'cross-over collateral estoppel' has been used to describe the application of collateral estoppel from a civil proceeding to a criminal proceeding, or vice versa." *Id.* ¶ 5. In *Bishop*, we assumed without deciding "that under the proper circumstances cross-over collateral estoppel from a civil proceeding to a criminal proceeding is permitted in New Mexico." *Id.* ¶ 6. We now decide that the circumstances of this case are such that Defendant is collaterally estopped from relitigating the issues previously decided in the civil matter and explain.

{19}    For collateral estoppel to apply,

> (1) the party against whom collateral estoppel is asserted must be the same party or be in privity with the party to the original action; (2) the subject matter or the cause of action in the two suits must be different; (3) the ultimate facts or issues must have been actually litigated; and, (4) the issue must have been necessarily determined.

*Id.* ¶ 8.

{20}    Here, the party is the same because Defendant in this case was the Plaintiff in the civil matter. The subject matter in the two suits is also different, as the prior civil action litigated the MVD's authority to initially suspend Defendant's driver's license based on a municipal ordinance violation, while the current case is a criminal action for driving on a suspended license, contrary to Roswell UTO § 12-6-12.6(A)(6). And as described above, Defendant litigated the ultimate facts and issues related to the MVD's authority to initially suspend his driver's license based on a municipal ordinance violation in the prior civil matter and the district court necessarily determined the issue as demonstrated by its order finding that "[t]he plain meaning of Section 66-5-39 is that the prior ability to extend a period of suspension of a license applies to violations of municipal ordinances such as [Roswell UTO §] 12-6-12.6." July 17, 2023 Order, *Lucero*, D-504-CV-2022-00540, ¶ 50. Thus, the elements of collateral estoppel have been met.

{21}    However, "even if the elements of collateral estoppel are otherwise met, the district court may still determine that the application of collateral estoppel would be

fundamentally unfair and would not further the aim of the doctrine, which is to prevent endless relitigation of issues." *Bishop*, 1992-NMCA-034, ¶ 8. "Fundamental fairness requires that the party against whom collateral estoppel is asserted be given a full and fair opportunity to litigate." *Id.*

{22} In *Bishop*, the district court denied a defendant's motion in limine to exclude the results of certain breath tests administered to the defendant after a traffic accident in a criminal proceeding. *Id.* ¶ 1. The district court refused to give collateral estoppel effect to the findings made in a previous license revocation hearing because the district court determined that it would be "patently unfair" to bind the state with determinations made in the license revocation hearing since the hearing officer was not a judicial officer nor was the district attorney's office represented in the hearing such that the state did not have a full and fair opportunity to litigate the issue. *Id.* ¶¶ 1, 9.

{23} The circumstances of this case differ from those in *Bishop* such that the application of collateral estoppel is fair here, because Defendant had an opportunity to and did litigate whether the MVD had the statutory authority to initially suspend his driver's license before the district court in the prior civil matter. Thus, giving collateral estoppel effect to the district court's decision in the civil matter serves the purpose of the doctrine in preventing endless relitigation of previously decided issues that Defendant has raised in multiple cases and has yet again raised on appeal

in this criminal matter, despite the district court's order in the prior civil case. Thus, applying cross-over collateral estoppel, Defendant is barred from relitigating this issue here or in any other related case.

**CONCLUSION**

{24}   Based on the foregoing, we affirm.

{25}   **IT IS SO ORDERED.**

_____

**SHAMMARA H. HENDERSON, Judge**

**WE CONCUR:**

_____

**J. MILES HANISEE, Judge**

_____

**KATHERINE A. WRAY, Judge**