This decision of the New Mexico Court of Appeals was not selected for publication in the New Mexico Appellate Reports. Refer to Rule 12-405 NMRA for restrictions on the citation of unpublished decisions. Electronic decisions may contain computer-generated errors or other deviations from the official version filed by the Court of Appeals.

## IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO

No. A-1-CA-36974

**FRANK DOMBOS,**

Plaintiff-Appellee,

v.

**ROBERT STEWART,**

Defendant-Appellant.

**APPEAL FROM THE DISTRICT COURT OF CIBOLA COUNTY**
**Pedro G. Rael, District Judge**

Frank Dombos
Los Lunas, NM

Pro Se Appellee

New Mexico Corrections Department
Brian Fitzgerald, Deputy General Counsel
Santa Fe, NM

for Appellant

## MEMORANDUM OPINION

**IVES, Judge.**

**{1}** In this appeal, Defendant Robert Stewart argues that the district court erred by not ruling as a matter of law[1] that (1) Plaintiff Frank Dombos failed to exhaust his

---

[1]Throughout his briefs, Defendant treats the district court's denial of his motion for summary judgment and its denial of his motion for judgment as a matter of law after trial as though they are interchangeable. They are not. "Ordinarily, a denial of a motion for summary judgment is not reviewable after final judgment on the merits." *Chavez v. Bd. Of Cnty. Comm'rs*, 2001-NMCA-065, ¶ 12, 130 N.M. 753, 31 P.3d 1027 (internal quotation marks and citation omitted). Our review following a trial on the merits is "based on the complete record, including the evidence presented at trial, and not on the summary judgment record." *Id.* ¶ 13.

administrative remedies under both NMSA 1978, Section 33-2-11(B) (1990) and 42 U.S.C. § 1997e(a) (2018), a provision of the Prison Litigation Reform Act of 1995 (the PLRA); and (2) Defendant was entitled to qualified immunity. We conclude that Defendant's Section 33-2-11(B) argument lacks merit and that his remaining arguments are inadequately developed to warrant appellate review. We therefore affirm the district court's judgment.

**DISCUSSION**[2]

**{2}** Our appellate courts have repeatedly cautioned against "review[ing] unclear arguments, or guess[ing] at what a party's arguments might be." *Headley v. Morgan Mgmt. Corp.*, 2005-NMCA-045, ¶ 15, 137 N.M. 339, 110 P.3d 1076. "To rule on an inadequately briefed issue, [we] would have to develop the arguments [ourselves], effectively performing the parties' work for them." *Elane Photography, LLC v. Willock*, 2013-NMSC-040, ¶ 70, 309 P.3d 53. Doing so is a waste of scarce judicial resources. *Id.* And it often results in more harm than good: when we proceed without the benefit of "carefully considered arguments" to guide us in the process of arriving at a decision, we incur a "substantial risk of error" to the possible detriment of the parties before us, future litigants, and the law as a whole. *Id.*; *cf. Ashcroft v. Iqbal*, 556 U.S. 662, 692 (2009) (Souter, J., dissenting) (noting "the danger of bad decisionmaking when the briefing on a question is woefully inadequate" (internal quotation marks and citation omitted)). With these principles in mind, we turn to Defendant's contentions.

## I. Defendant's State Law Exhaustion Defense Is Meritless, and Defendant Failed to Adequately Develop His Argument That Plaintiff Failed to Exhaust Administrative Remedies Under the PLRA

**{3}** We first discuss Defendant's argument that the district court erred by not ruling as a matter of law that Plaintiff failed to exhaust his administrative remedies. At the outset, we conclude that Defendant's reliance on Section 33-2-11(B) is misplaced. By its plain language, the statute requires exhaustion of the New Mexico Corrections Department's internal grievance procedure only in cases involving *state* law:

> No court of this state shall acquire subject-matter jurisdiction over any complaint, petition, grievance or civil action filed by any inmate of the corrections department with regard to any cause of action pursuant to *state law* that is substantially related to the inmate's incarceration by the corrections department until the inmate exhausts the corrections department's internal grievance procedure.

*Id.* (emphasis added). We assume for purposes of this opinion that, because the statute is jurisdictional, we have an obligation to determine whether it applies notwithstanding Defendant's failure to address this unambiguous limitation. *Cf. Smith v. City of Santa Fe*, 2007-NMSC-055, ¶ 10, 142 N.M. 786, 171 P.3d 300 ("[I]t is incumbent upon the

---

2Because the parties are familiar with the factual background, this memorandum opinion does not include a background section.

appellate court to raise [an issue of subject matter jurisdiction] sua sponte when the [c]ourt notices [one].”). But it is an unambiguous limitation, and the jury in this case only heard Plaintiff’s Eighth Amendment claim, not a state law claim. We therefore conclude that Section 33-2-11(B) does not apply here.

**{4}** Next, we decline to reach the merits of Defendant’s contention that Plaintiff failed to comply with the PLRA’s exhaustion requirement, which is not jurisdictional, *see, e.g.*, *Richardson v. Goord*, 347 F.3d 431, 433-34 (2d Cir. 2003) (per curiam); *see also Jones v. Bock*, 549 U.S. 199, 216 (2007) (“[F]ailure to exhaust is an affirmative defense under the PLRA[.]”), due to the inadequacy of the briefing. The basic thrust of Defendant’s argument is that he was entitled to judgment as a matter of law because Plaintiff never filed an appeal of his formal grievance. Relying on a defense witness’s testimony that Defendant’s formal grievance had been accepted, Defendant asserts that “there was no evidence that [Plaintiff] was thwarted in his efforts to file an appeal.” But this argument ignores contrary evidence indicating that Plaintiff could not appeal his formal grievance because it had been rejected on the ground that Plaintiff had not attached his informal complaint, even though Plaintiff’s complaint had not been returned to him as required under the pertinent grievance policy. Because of Defendant’s one-sided review of the evidence presented at trial, his briefs provide no explanation of how Plaintiff could have appealed his grievance or any alternative actions Plaintiff could have taken to exhaust his administrative remedies. The absence of any such explanation dissuades us from reviewing Defendant’s PLRA exhaustion argument on the merits.[3]

## II.    Defendant’s Argument That He Is Entitled to Qualified Immunity Is Inadequately Developed

**{5}** In the alternative, Defendant contends that we must reverse because he is entitled to qualified immunity. In arguing (essentially) that no reasonable jury could have found that he violated the Eight Amendment’s prohibition of cruel and unusual punishment, Defendant correctly notes that Plaintiff at trial was required to prove that Defendant acted with “deliberate indifference.” *See generally Wilson v. Seiter*, 501 U.S. 294, 303 (1991). Yet, to reach the merits in this case, we would need to determine whether a jury could reasonably infer that Defendant acted with deliberate indifference by doing nothing to ensure that Plaintiff’s cell had even minimally adequate heating after learning that (1) the heat in Plaintiff’s cell had been out for three months; (2) Plaintiff’s repeated attempts to have prison officials remedy the problem had fallen on deaf ears; (3) Plaintiff’s cell was “freezing” day and night, an “acute” and “pressing” problem made worse by the fact that it had recently snowed, “got[ten] real cold,” and was “getting much colder” as the heart of winter approached.

---

3This deficiency is all the more troubling because it is unclear to us whether, properly taking all of the evidence into account, the jury could have concluded that those responsible for administering the grievance system acted inconsistently with the grievance policy. *Cf. Shifflett v. Korszniak*, 934 F.3d 356, 365 (3d Cir. 2019) (“The PLRA requires that prisoners comply with the procedural demands of a system created by their jailors. No less must prisons comply with the demands of the system they created.”).

**{6}** Although he invokes the deliberate indifference standard, Defendant fails to cite any authority applying that standard to facts analogous to those of this case—i.e., to circumstances involving a prison official's awareness of and failure to remedy conditions of extreme cold in an inmate's living quarters. Instead, after reciting the standard, Defendant goes on to discuss his interpretation of the evidence below, in large part without citations to the record, and asserts in a conclusory fashion that that evidence cannot support a finding of deliberate indifference. These shortcomings in Defendant's briefs are disappointing, especially because Defendant has ignored a robust body of federal case law involving claims that inmates were deprived of adequate heat. *E.g.*, *Henderson v. DeRobertis*, 940 F.2d 1055, 1059 (7th Cir. 1991). *See generally In re Adoption of Doe*, 1984-NMSC-024, ¶ 2, 100 N.M. 764, 676 P.2d 1329 ("Issues raised in appellate briefs which are unsupported by cited authority will not be reviewed by us on appeal."). Defendant would have us plumb the depths of that case law on his behalf to determine whether his claim of error has merit. Unwilling to take on the risk of error that would result from this undertaking, or to perform work that Defendant's counsel should have done in the first place, we decline to review Defendant's contention that the evidence was insufficient to show that he acted with deliberate indifference.[4]

**{7}** Having held that Defendant has failed to adequately develop his argument on the "threshold inquiry" of whether the evidence sufficed to "establish a constitutional violation[,]" *Hope v. Pelzer*, 536 U.S. 730, 736 (2002), we conclude the same is true regarding the issue of whether "the state of the law . . . gave [Defendant] fair warning that [his] treatment of [Plaintiff] was unconstitutional[,]" without an affirmative answer to which Plaintiff could not overcome Defendant's qualified immunity defense. *Id.* at 741. Defendant mentions qualified immunity and cites cases setting forth the standard governing that defense, but his entire argument focuses on the issue of whether Plaintiff established a constitutional violation at all. Presented with no acceptable argument explaining why the law did not put Defendant on notice that he was violating Plaintiff's constitutional rights,[5] we decline to review this issue.

**CONCLUSION**

**{8}** We affirm.

**{9}** **IT IS SO ORDERED.**

---

[4]Defendant also argues, without any citation to authority, that a note the jury sent to the district court a little under half an hour before it returned its verdict demonstrates that the evidence was legally insufficient to show deliberate indifference. *But cf. State v. Phillips*, 2017-NMSC-019, ¶ 18, 396 P.3d 153 (explaining that jury notes "merely provide[] a snapshot of the jury's thinking partway through deliberations"). Not least because Defendant provides us with no logical reason to equate a jury's view of the evidence at a given point during its deliberations with the question of whether the evidence was legally sufficient for the jury to find a certain way, we also decline to review this argument.

[5]In his reply, Defendant asserts that "[n]one of the cases cited to in [Plaintiff's a]nswer [b]rief stand for the proposition that [Defendant] is unable to avail himself of the defense of qualified immunity." This bald assertion is inadequate to make out an argument under the second prong of the qualified immunity analysis.

**ZACHARY A. IVES, Judge**

**WE CONCUR:**

**JACQUELINE R. MEDINA, Judge**

**SHAMMARA H. HENDERSON, Judge**